# CHARLES S. DRAKE

*v.*

# ROBERT B. LATHAM.

1. FRAUD—*misrepresentation as to title.* If a persons sells a tract of land, claiming to be the owner, and knowing that he is not, he is guilty of a fraud, for which the vendee may rescind the contract.

2. But if he professes to sell, not the paramount title, but only a claim derived from a particular source, such as a sale of the land for taxes, and he has a claim thus derived, he is not guilty of a fraud for which the vendee can rescind, merely because he expresses an opinion as to the legal value or strength of his claim, which the facts do not justify, so long as he makes no false statement as to what those facts are.

3. INTEREST—*at what rate recoverable—under act of* 1849. Upon a note given while the interest law of 1849 was in force, reserving interest at ten per cent., where the consideration was not borrowed money, only six per cent. can be recovered.

4. SAME—*effect of act of* 1857. The act of 1857 repealed all penalties for reserving a greater rate of interest than the law allowed, but the creditor cannot, as a mere effect of that repeal, recover a higher rate of interest than he could lawfully have contracted for.

5. USURY—*how availed of.* It has been held, that since the act of 1857, usury need not be pleaded if the fact of usury appears by the declaration.

6. So, in a suit to foreclose a mortgage, where the bill on its face discloses the fact that a higher rate of interest has been reserved in the contract than the law allowed, and the master computes the interest on that basis, the question of usury may be presented by exceptions to the master's report, without having been raised by answer or plea.

APPEAL from the Circuit Court of Logan county; the Hon. JOHN M. SCOTT, Judge presiding.

The opinion states the case sufficiently.

Mr. WILLIAM B. JONES, for the appellant.

Messrs. GREENE & LITTLER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery to foreclose a mortgage executed by Drake and wife to Latham, to secure the payment of a promissory note for $200. The defendants filed their answer, setting up that the note was given for a tax title to a tract of land occupied and owned by Drake, and that Latham fraudulently represented that said tax title was " a good tax title," whereas it was invalid and useless. It is admitted, in the answer, that Latham held a title purporting, upon its face, to be what is called a tax title. The complainant excepted to the answer, and his exceptions were sustained. The defendants failing to answer further, the case was referred to the master, who reported the amount due upon the note, and the court decreed a sale of the premises.

The counsel for appellant urges that the answer shows such fraudulent representations by the mortgagee, as will avoid the note. In this view we do not concur. The answer does not allege a mis-statement by Latham, of any matter of fact. It does not aver that he made any statement of the existence of any matter, either *in pais* or of record, going to show his tax title was valid. He said he had a good tax title, but whether it was or not, was a question of law, for the decision of which Drake was doubtless as competent as Latham, and the facts upon which an opinion might be based, were within his reach. As to those facts, Latham did not deceive him, for he said nothing in regard to them. It is evident, from the answer, that the transaction was simply this : Drake owned eighty acres of land. Latham had a tax title upon it, which he said was good. Whether good or not, Drake regarded it as so much of a cloud, that he was willing to buy it, and Latham conveyed it to him by quit-claim deed, for a small sum, and Drake having removed the cloud, now seeks to evade payment, by claiming that Latham had no right to express his opinion or belief that his tax title was a good one. If a person sells a tract of land, claiming to be the owner, and knowing that he is not so, he is guilty of a fraud, for which the vendee may rescind the contract ; but if he professes to sell, not the paramount title, but only a claim derived from a particular source, such as a sale of the land for taxes, and he has a claim thus derived, he is not guilty of a fraud for which the vendee can rescind, merely because he expresses an opinion as to the legal value or strength of his claim, which the facts do not justify, so long as he makes no false statement as to what those facts are. By telling his vendee that he is only selling him a tax title, he puts him on his guard. He informs him of the source of his title, and the vendee is thus at liberty to investigate for himself the validity of the tax sale. We can not hold, that a vendor professing to sell merely a tax title, though he calls it good, is to be understood as professing to sell the paramount title, when it is known to all persons that these

titles have hardly ever passed the scrutiny of the courts, when investigated, as a question of paramount title. The answer in this case avers, that the facts showing this title was worthless were known to Latham, as they appeared on the face of his title papers. But in that event, they were equally known to the appellant, and it is immaterial, as a legal question, what opinion Latham may have entertained or expressed as to their effect upon his claim or title, when the facts themselves were known to the appellant, and Latham was guilty of no misrepresentation in regard to them. While we would by no means relax the rules which courts of equity apply in order to secure fair dealing, we are of opinion that the answer in this case discloses nothing which the law pronounces a fraud, and to sustain this defense would be to invite litigation in every case where the purchaser of either real or personal property finds he has made a foolish bargain.

The decree, however, should have allowed only six per cent. interest, instead of ten. The note was given while the law of 1849 was in force, and that law only allowed six per cent. interest to be contracted for when the note was not given for borrowed money, and forfeited the excess.

The act of 1857 repealed all penalties, but the creditor could not, as a mere effect of that repeal, recover a larger rate of interest than he could lawfully have contracted for. We decided, in *Parmelee* v. *Lawrence*, 48 Ill. 331, that the legislature had the power, by the act of 1867, to authorize the recovery of whatever interest might have been lawfully agreed upon, in cases where a larger rate had been reserved, but this act in terms applies only to cases under the law of 1849, where more than ten per cent. had been contracted for, and even if applicable to the present case, it would only authorize the recovery of six per cent., which was also authorized by the law of 1849 itself. It is said, however, that this question was not raised either by answer or plea. It was, however, presented by exceptions to the master's report, and as the facts showing the illegality of the mode of computing

18—50TH ILL.

the interest, adopted by the master, appeared on the face of complainant's own bill, where it was averred that the consideration of the note was the sale of land, we are of opinion the exceptions to the master's report should have been sustained. In *Stockham* v. *Munson*, 28 Ill. 52, it was held, that since the act of 1857, usury need not be pleaded, if the fact of usury appears by the declaration.

The decree of the court below must be reversed and the cause remanded.

*Decree reversed.*