PETER C. SAWYER, plaintiff in error, *vs.* MARIA SLEDGE, defendant in error.

When the vendee of a lot of land, who is in the possession thereof, seeks to resist the payment of the purchase money therefor, on the ground that his vendor cannot make him a good title because of a paramount title thereto being in a third person, it is incumbent on him to show *affirmatively* the existence of such paramount title by clear and satisfactory evidence.

Injunction. Vendor and purchaser. Before Judge HILL. Bibb county. At Chambers. July 6th, 1875.

Reported in the decision.

WOOTEN & SIMMONS, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, praying for an injunction to restrain her from the collection of certain described notes given by the complainant to the defendant for the purchase money of a city lot in the city of Macon, sold by the defendant to the complainant, of which he is now in possession, under a bond made by the defendant to make him a title thereto when the purchase money therefor shall have been paid. The alleged ground of the complainant's equity, as set forth in his bill, is that the defendant cannot make him a good title to the lot, because there is a paramount outstanding title thereto in Mott, a third

party, who is claiming it, and that the defendant is insolvent. On the hearing of the motion and considering the defendant's answer, and the affidavits filed by the respective parties, the presiding judge refused to grant the injunction prayed for, whereupon the complainant excepted.

The complainant is in possession of the land, and is resisting the payment of the purchase money due by him therefor, on the ground of a paramount outstanding title to that of the defendant to the lot in a third person.   When the vendee of a lot of land, who is in the possession thereof, seeks to resist the payment of the purchase money therefor, on the ground that his vendor cannot make him a good title because of a paramount title thereto being in a third person, it is incumbent on him to show *affirmatively* the existence of such paramount title by clear and satisfactory evidence : *Cantrell vs. Mobb*, 43d *Georgia Reports*, 193.   In view of the evidence . contained in the record, we will not interfere to control the discretion of the presiding judge in refusing to grant the in-junction prayed for in this case.

Let the judgment of the court below be affirmed.