### DAVID P. BAXTER v. ELIZABETH AUBREY.

*Burden of showing defective title—Res adjudicata.*

If a vendee accepts a contract that assumes the vendor's ownership, and agrees to pay without requiring evidence of title, he has the burden of showing defects in it; he is presumed to have satisfied himself as to the title when he made his bargain.

Where the subject matter of a suit has confessedly been in litiga-
tion before, the evidence that the merits were not passed on
ought to preclude all other hypotheses if it is claimed that the
case is not *res adjudicata*.

Error to Wayne.   Submitted April 17.   Decided June 4.

ASSUMPSIT by Elizabeth Aubrey upon land contracts.
The plea was the general issue with notice of a former
judgment in bar of recovery.   Plaintiff recovered and
defendant brings error.

*Robert V. Briggs* and *Henry M. Cheever* for plaintiff
in error.   A former judgment on a contract concludes
the parties in any other action on the same claim as to
every thing offered and received to sustain or defeat the
demand, and every thing which might have been offered
for such purposes, *Cromwell v. County of Sac*, 94 U. S.,
352; as to whether parol evidence on the exact matter
in issue upon the former trial is admissible, see *Outram
v. Morewood*, 3 East, 346; *Gardner v. Buckbee*, 3 Cow.,
120; *Miles v. Caldwell*, 2 Wal., 35; *Steam Packet Co. v.
Sickles*, 24 How., 333; *Henderson v. Henderson*, 3 Hare,
100; *Regina v. Low*, 5 Q. B., 93; *Sawyer v. Woodbury*,
7 Gray, 499; *King v. Chase*, 15 N. H., 9; *Palmer v.
Russell*, 43 N. H., 625; *Lawrence v Hunt*, 10 Wend., 80;
*Manny v. Harris*, 2 Johns., 24; *Frantz v. Ireland*, 4
Lans., 278; *Demarest v. Darg*, 32 N. Y., 281; *Bissell v.
Kellogg*, 60 Barb., 617; *Bissick v. McKenzie*, 4 Daly, 265;
*Bush v. Knox*, 2 Hun, 576; *Hibshman v. Dulleban*, 4 Watts,
183; *Lentz v. Wallace*, 5 Harris, 412; *Tams v. Lewis*,
42 Penn. St., 402; judgment is no bar if the claim or
defense was made inadmissible by the pleadings and was
disallowed, but if admissible, the judgment is a bar,
*Baker v. Rand*, 13 Barb., 152; *Morgan v. Plumb*, 9
Wend., 287; *Wilder v. Case*, 16 Wend., 583; *Ehle v.
Bingham*, 7 Barb., 494; *McLean v. Hugarin*, 13 Johns.,
184; *Eastmure v. Laws*, 5 Bing. (N. C.), 444; *Dunn v.
Murray*, 9 B. & C., 780; a former judgment is a bar if

the matter in dispute might have been litigated in the first suit, especially if it was part of the same transaction, and proof *aliunde* is admissible to supplement the record and thus avoid litigation, *Bouchand v. Dias,* 3 Den., 238; *Embury v. Connor,* 3 Comst., 522; *Vail v. Vail,* 7 Barb., 226; *Etheridge v. Osborn,* 12 Wend., 399; *Burt v. Sternburgh,* 4 Cow., 559; *Young v. Black,* 7 Cr., 565; where one has his day in court and full opportunity to refute or establish certain facts, they cannot again be put in controversy, Bigelow on Estoppel [2d ed.], 88, n. 4; *Gray v. Pingry,* 17 Vt., 419. A vendor seeking to enforce his contract must show title and ability to convey, as well as tender of a deed, before he can put the vendee in default, Chitty on Cont. [5th Amer. ed.], 307; 1 Sugd. Vendors [8th ed.], 230; Chitty's Pr., 179; *Souter v. Drake,* 5 B. & A., 992; *Martin v. Smith,* 6 East, 555; *Phillips v. Fielding,* 2 H. Bl., 123; *Laythoarp v. Bryant,* 1 Bing. (N. C.), 421; *Hallewell v. Morrell,* 1 M. & G., 367; *Hardy v. McKesson,* 6 Jones (N. C.) Law, 554; *Thomas v. Wickman,* 1 Daly, 58; *Cole v. Hynes,* 46 Md., 181; *Ragan v. Gaither,* 11 G. & J., 487; *Owings v. Baldwin,* 8 Gill, 337; *Lawrence v. Dole,* 11 Vt., 549; *Judson v. Wass,* 11 Johns., 525; *Luckett v. Williamson,* 31 Mo., 54; *Washington v. Ogden,* 1 Black, 450; 2 Taylor's Ev., § 1007; though where a contract requires a deed to be executed with covenants, the parties may be presumed to look to the covenants as their muniments of title, *Aiken v. Sanford,* 5 Mass., 494; *Parker v. Parmele,* 20 Johns., 130; *Gazley v. Price,* 16 Johns., 266.

*Theo. Otjen* and *Moore & Moore* for defendant in error. A vendor may rely on tendering a deed without producing evidence of his title, the burden being on the purchaser to show such a defect of title as to justify him in refusing to accept the deed, *Dwight v. Cutler,* 3 Mich., 575; *Allen v. Atkinson,* 21 Mich., 361; many causes of action may arise on the same contract where a judgment rendered on one would be no bar to a suit on another,

and evidence outside of the record is admissible to show the facts, *New England Bank v. Lewis*, 8 Pick., 114; 1 Greenl. Ev., § 530.

COOLEY, J. Aubrey sued Baxter to recover the purchase price of lands sold to him by executory contracts, and which by the terms of the contracts were to be paid for in annual instalments. The instalments were all due when suit was brought, and Aubrey had tendered the customary warranty deed and demanded payment.

Two principal objections were made to the recovery: *first*, that Aubrey did not give evidence that the deed she tendered would convey the land; and *second*, that the matter had become *res judicata* in a former suit. The circuit judge held neither objection well taken, and Aubrey had judgment.

I. The contracts obligated the vendor when the purchase price was paid to "execute and deliver" to the vendee "a good and sufficient warranty deed." Baxter claimed that this means a warranty deed conveying the title to the land, and that it was not enough for the vendor to tender a deed sufficient in form, but she must go further and show that she had at the time a title which the deed would convey. We think, however, if the vendee accepts a contract in which the ownership of the vendor is assumed, and agrees to pay for the land without requiring the vendor to produce evidence of his title, the burden will be upon him to show defects. The presumption will be, in the absence of any showing, that he satisfied himself respecting the title when he made his bargain. *Dwight v. Cutler*, 3 Mich., 566; *Allen v. Atkinson*, 21 Mich., 361.

II. The second objection arises upon the following state of facts: After all the instalments had fallen due Aubrey brought suit on the contracts, and was defeated on trial, and final judgment passed against her. Subsequently she brought this suit; the cause of action being admitted to be the same. On the trial of this cause

she undertook to show that the merits were not tried in the former suit. To make this out she testified that she had never tendered conveyances until after the former suit was disposed of, and her attorney in that suit testified "that he was present at and conducted all the former trial; that it did not appear that plaintiff had up to that time delivered or tendered such deed or deeds as were contracted for in and by said contracts, and on said trial the defendant objected to the plaintiff's recovery for the reason that it did not appear that any deed or deeds, as required by said contracts, had been tendered or delivered by the plaintiff to the defendants."

This is all the evidence that was given respecting the former trial. The circuit court assumed that the merits could not have been passed upon, because the tender of a deed was a necessary preliminary to a recovery. But if we concede the necessity of a tender, it does not follow that the merits were not passed upon in the former action. See *Bull v. Hopkins*, 7 Johns., 22; *McFarlane v. Cushman*, 21 Wis., 401. The evidence does not show that the former case turned upon the want of this tender; that the court sustained the objection which was made, or failed to receive and pass upon any evidence that would have been proper had the tender been made. It is consistent with this evidence that the defendant in the former suit may have relied upon and established payment, or some other defense equally meritorious. Where the subject matter has confessedly been in litigation before, the evidence that the merits were not passed upon ought to exclude all other hypotheses.

As the case must go back for a further presentation of facts, it would be premature to consider it further now. The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.