JULIUS C. BIRGE, Respondent, v. A. F. BOCK, Appellant.

### St. Louis Court of Appeals, January 18, 1887.

1. VENDOR AND VENDEE—EXECUTORY CONTRACTS—BURDEN OF PROOF. In actions by the vendor against the vendee of real estate, for damages caused by the vendee's refusal to accept the deed and pay the money, the burden of proof is on the vendor, whether the action be legal or equitable.

2. ———— PLEADING AND PROOF.—In such an action the plaintiff must allege and prove that he was prepared to convey a good title, unless the contract stipulates to the contrary.

3. ———— In an action at law to recover damages for the breach of a contract of sale which provides "title perfect or no sale," a petition which fails to aver that the deeds tendered conveyed a perfect title, is fatally defective.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and remanded.*

KEHR & TITTMAN, for the appellant: While a contract for the sale of real estate is still executory, by operation of law and without any agreement of the parties to that effect, the purchaser has a right to demand a good and marketable title. *Hereford v. Turner*, 67 Mo. 296, 298 ; *Luckett v. Williams*, 37 Mo. 388, 393 ; 1 Sugden on Vendors (8 Am. Ed.) p. 24.(6), p. 510 (337), also p. 548 (363); Rawle on Covenants for Title, 42 ; *Freme v. Wright*, 4 Madd. Ch. R. (365) 193. The burden was on the plaintiff to allege and prove title to the premises. *Luckett v. Williamson*, 31 Mo. 54, 57 ; *Luckett v. Williams*, 37 Mo. 393, 395 ; *Philips v. Breck's Ex'r*, 79 Ky. 466, 467. "Title to be perfect or no sale," implies that the purchaser is not bound to take the land unless he found a good record title. *Richmond v. Gray*, 3 Allen, 25 ; *Taylor v. Williams*, 45 Mo. 80.

FISHER & ROWELL, for the respondent: In actions at law the burden is upon the defendant to prove want of title. *Breithaupt v. Thurman*, 3 Rich. 216; *Pyles v. Reeve*, 4 Rich. 216; *Crawford v. Murphy*, 22 Pa. St. 84; *Miles v. Stevens*, 3 Barr, 21; *Whitehurst v. Boyd*, 8 Ala. 375; *Tyler v. Young*, 2 Scam. 444; *Myers v. Aikman*, 2 Scam. 452; *Duncan v. Charles*, 4 Scam. 561; *Asbough v. Murphy*, 90 Ill. 182. Omission to state a material fact is cured by the pleading of the other party. Bliss on Code Pleading, sect. 437; *Erion v. Shaffer*, 9 Ohio St. 43; *White v. Joy*, 13 N. Y. 83; *Pindall v. Trevor*, 30 Ark. 249; *Kercheval v. King*, 44 Mo. 401. This was the case under the strict rules of common law. 1 Chitty Plead. 671; Gould Plead. 458; *United States v. Morris*, 10 Wheaton, 246; *Slack v. Lyon*, 9 Pick. 62; *Whetmore v. Ware*, 101 Mass. 352.

ROMBAUER, J., delivered the opinion of the court.

In view of the errors assigned by the appellant, a full statement of the cause of action, and of the pleadings is essential to an understanding of the points decided.

The action is brought by a vendor of real estate to recover damages from the vendee for breach of the contract of sale. The plaintiff's action is founded on the following memorandum, filed with his petition, marked Exhibit A.

"APRIL 10, 1884.

"Received of Dr. A. F. Bock, the sum of one hundred dollars, on account of and part purchase money of a lot of ground or parcel of land, being in the county of St. Louis and state of Missouri, to-wit: A parcel of land lying in the southwest corner of northwest quarter of section 6, township 45, north, range 6 east (describing same by metes and bounds), sold for the sum of seventy-five hundred dollars cash; title to be perfect or no sale; title not perfect, earnest money to be refunded and ex-

aminer's fee paid by us; taxes of 1883 paid by owner; taxes for 1884 paid by purchaser.

[Signed]                "Julius C. Birge,
                "per Fisher & Co., Agents.

" I agree to the above.

                "A. F. Bock."

The petition itself, which does not embody this memorandum, is substantially to the following effect:

It alleges that the plaintiff agreed to sell and the defendant agreed to purchase the property described for the sum of seventy-five hundred dollars, according to the contract filed therewith; that the plaintiff tendered a deed therefor to the defendant, which he failed and refused to accept and pay the stipulated price. The petition further set forth the efforts to sell the property afterwards and the sale for sixty-six hundred dollars, and claimed damages for the loss caused thereby and other items, amounting to about fourteen hundred dollars, and asked judgment therefor.

The answer admitted the execution of the contract, but denied the other allegations of the petition.

The answer further set up that the contract called for an examination of the title, and provided that if such examination showed that the plaintiff could not convey a perfect title there was to be no sale of the premises; that such examination was made by a competent examiner, and it showed that the plaintiff could not make a perfect title, and that thereafter, by reason of such facts, the parties agreed to rescind the contract of sale, and did rescind it, mutually releasing each other. These facts were pleaded as a bar to the action of the plaintiff.

The reply was a general denial.

Upon the trial the defendant objected to the introduction of any testimony in the case, on the ground that the petition does not state facts sufficient to constitute a cause of action. After the cause was tried and judgment

rendered against the defendant he renewed this objection by motion in arrest. This action of the court is the main complaint of the defendant appealing, and his complaint in that behalf must necessarily be disposed of before passing to any other branch of the case, because the validity of every other ruling of the court below is more or less dependent on the view the judge took of the main question presented by the pleadings.

It will be seen that the petition nowhere avers that the plaintiff had any title whatever to the lands which he contracted to convey. It simply states that he executed and tendered to the defendant a deed to the property, and demanded the purchase money, and that the defendant refused to accept the deed so tendered.

It will further be seen that the answer nowhere admits that the plaintiff had any title. It simply avers that the defendant, by the agreement, reserved the right to have the title examined, and that unless such examination should show the title which the plaintiff was to convey to be perfect, there was to be no sale of the premises. The fact that the answer claims a rescission of the sale by mutual consent, is neither an admission nor denial of the plaintiff's title.

The plaintiff contends that in an action at law for damages, for the non-acceptance of property sold, it is not the duty of the plaintiff to allege or prove that he has a good title, but that the want of such title is matter of defence. In view of the state of the record it is, therefore, essential to determine whether the burden of proof in an executory contract of sale rests with the vendor to show that his title is good, or with the vendee to show that it is not good.

The general proposition is very clearly stated in Dwight v. Cutler (3 Mich. 575, 576), that in every case for the sale of land, unless the contrary intention is expressed, there is an implied undertaking on the part of the vendor, available in law as well as in equity, while the contract remains executory, to make out a good title

clear of all defects and incumbrances. So in *Burnwell v. Jackson* ( 5 Seld. 536), it was held that a covenant to give a good and sufficient conveyance of land could be performed only by giving a deed which would vest in the grantee an unincumbered title to the premises, and in the later case of *Delevan v. Duncan* (49 N. Y. 487), such holding was approved, the court saying that the law is such, both on principle and authority. In *Swayne v. Lyon* (67 Pa. St. 439), Judge Sharswood holds, "that it has been well and wisely settled that, under a contract for the sale of real estate, the vendee has the right, not only to have conveyed to him a good, but an indubitable title. Only such title is marketable, for otherwise the purchaser may be buying a lawsuit." This, as well as some of the foregoing, was a case for the recovery of the purchase money upon the tender of a deed.

In *Philips v. Breck's Ex'r* (79 Ky. 466, 467), which was a suit in equity, but also for the recovery of the purchase money by an executor, the court held that it is essential, in a case of this character, for the vendor, or, if he be dead, for his heirs or devisees, to allege and prove, if not admitted by the terms of the contract, the character of the title to be made, and their ability and willingness to convey. See also *Little v. Paddleford* (13 N. H. 168). In fact, we know of no exception to the rule, certainly none established by decided cases, that an executory agreement to convey a title to land means the conveyance of a good title, and that the showing of such a title by the vendor is a condition precedent to his recovery.

It will be noticed that the cases of *Breithaupt v. Thurman* (3 Rich. 220), *Pyles v. Reeve* (4 Rich. 555), *Crawford v. Murphy* (22 Pa. St. 84), *Denton v. Scully* (26 Minn. 36), *Dwight v. Cutler* (3 Mich. 575), *Cantwell v. Mob* (43 Ga. 193), *Sawyer v. Sledge* (55 Ga. 152), *Whitehurst v. Boyd* (8 Ala. 375), were all cases where the vendee was either in possession of the lands under a contract of sale, and tried to defeat the vendor's claim

for the purchase money on the ground that the title was defective, or where the vendee was sued for the use and occupancy of the lands, and interposed a similar defence, and the courts, in such cases, on the plainest principles of justice, were bound to hold that the burden of proof of such defect *in such a case* was with the vendee.

In *Allen v. Atkinson* (21 Mich. 361), the contract was silent as to the title, and the court laid some stress on that point, while in *Baxter v. Aubrey* (41 Mich. 13), it held that where the vendee accepts a contract, in which the vendor's ownership is assumed, and agrees to pay for the land without requiring the vendor to produce evidence of his title, the burden will be upon him to show defects.

So in Alabama the rule is correctly stated, that the purchaser of land, as long as the contract remains executory, has a right to demand a good title, but after accepting a conveyance the maxim of *caveat emptor* applies, and he can not, in the absence of fraud or mistake, invoke the relief of equity. *Thompson's Adm'r v. Christian*, 28 Ala. 399, 406.

In *Ashbrough v. Murphy* (90 Ill. 182), which case is particularly relied on by the plaintiff, the vendee stated, when a conveyance was tendered him, that he was unable to pay for the land. It does not appear that the question of title was ever raised. The court, in its opinion, states that, had the vendee been ready to perform the contract, and objected to the deed because the property was incumbered, the plaintiff might have been able to show that the property was free from incumbrances, and the title perfect, but the defendant makes no pretense that he was himself ready to perform the contract. In the case at bar the rescission of the contract is claimed to have been the result of the plaintiff's inability to show a perfect title, and the question of title was of paramount importance.

The decisions in this state are in harmony with the

rule as announced elsewhere. In *Luckett v. Williamson* (31 Mo. 54), the defendant had gone into possession of the land, and the trial court held that on that account the contract could be enforced against him in equity. Judge Scott, in reversing the judgment, says: "The idea of the court below was, that the tender of a deed with warranty was sufficient to entitle the plaintiff to a specific performance, without showing that he had any title to the land he agreed to convey. This notion is not warranted, and the plaintiff in his petition does not show that he is entitled to have the contract specifically enforced. He can not have the contract specifically enforced without *showing* that he has a good title to the land he has bargained to sell." The distinction between executed and executory contracts in that regard was also re-asserted in *Hereford v. Turner* (67 Mo. 296, 298).

We have gone into the cases at some length, in deference to the earnestness with which the plaintiff's counsel have pressed the point, that the rule is different in equity from what it is at law, and that the distinction between executory and executed contracts does not apply when the suit is one at law for the recovery of damages arising from the breach of the contract of sale.

It will be thus seen that the rule as to the burden of proof depends, not on the fact whether the action is one at law or in equity, but on the fact whether the contract is executory or executed. It is only in so far as equity deals oftener with executory contracts of this kind, than courts administering common law remedies, that courts, in the exercise of their equitable jurisdiction, have been called upon more frequently to emphasize the distinction.

If the rule is as above stated, in regard to actions founded upon executory contracts for the sale of lands, even in cases where the contract of sale specifies no particular title to be conveyed, it must be *a fortiori* such, where the contract of the parties expressly specifies, as

it does in this case, "title to be perfect or no sale."
To hold, under such circumstances, that it is incumbent
on the defendant, in an action brought against him by
the plaintiff for a breach of the contract of sale, to allege
and show that the plaintiff had no title, and not upon
the plaintiff to allege and show that he has, would be in
effect to hold that where a right is dependent upon the
performance of a condition precedent, even a general
averment of the performance of the condition on the part
of a plaintiff asserting the right may be dispensed with.
That it is incumbent upon the defendant in the first
instance, in such a case, to aver and prove a non-perform-
ance of the condition on the plaintiff's part. No such
rule of pleading or practice, either at common law, or
under the codes, has been sanctioned anywhere, and it
certainly finds no support in any decision in this
state.

As we are of opinion that the burden of proof, as to
title, was upon the plaintiff, it necessarily follows that
the allegation that the deeds tendered conveyed a per-
fect title, was an essential averment, without which the
petition stated no cause of action. And that the defend-
ant's demurrer, by objecting to any testimony offered in
support of such a petition, or the defendant's motion in
arrest, should have been sustained. *Frazer v. Roberts*,
32 Mo. 457; *Jones v. Tuller*, 38 Mo. 363; *Clinton v.
Williams*, 53 Mo. 141; *International Bank v. Franklin
Co.*, 65 Mo. 110; *Staley Furnishing Co. v. Wallace*, 21
Mo. App. 130.

The plaintiff, however, further claims that these
errors were not prejudicial, because the testimony shows
that the plaintiff did have a perfect title, and that the
court so found. This is an action at law, and we are not
called upon, nor have we the power to weigh the evidence,
for the purpose of determining whether it establishes the
first proposition herein asserted. The second proposi-
tion is clearly untenable. There is nothing in the record

to indicate, whether the court found that the plaintiff had proved that he had a perfect title, or whether the court found that the defendant had not proved the defects of the plaintiff's title. The latter finding would have been sufficient to support the judgment of the trial court in its own opinion, under the erroneous view which that court took of the burden of proof. All that the record clearly shows is, that the trial court found that the contract of sale was not rescinded by mutual consent, and that finding of itself can not aid the plaintiff.

The judgment is reversed and the cause remanded. All the judges concur.