## JOHN ARMSTRONG, Respondent, v. J. T. DUNN, Appellant.

Kansas City Court of Appeals, May 13, 1912.

CONTRACT: Repudiation: Right of Action: Tender: Ability to Convey. A vendor and vendee enter into a written contract for the sale of real estate, to be consummated at a certain time by the vendor furnishing an abstract of title, with a conveyance by warranty deed, and the vendee paying the purchase price in a certain way. Before the time for performance the vendee notified the vendor that he would not perform the contract on his part. In such case the vendor may consider the contract at an end and immediately bring an action for damages without waiting for the day of performance and without making a tender of conveyance. But he must show that at the date he was notified by the vendee, he had a good title to the land, or would have had by the day of performance.

Appeal from Bates Circuit Court.—*Hon. Charles A. Denton*, Judge.

REVERSED AND REMANDED.

*A. J. King* and *Scott & Bowker* for appellant.

A petition on an executory contract for the sale of land for a breach thereof, should aver that the plaintiff had a good and sufficient title, which he was ready and willing to convey, in order to state a cause of action. Davis v. Watson, 89 Mo. App. 15. In an action by a vendor against a vendee of real estate for damages caused by the vendee's refusal to carry out the contract, the burden of proof is on the vendor, and in such action he must allege and prove that he was prepared to convey a good title and carry out his contract. Virge v. Bock, 24 Mo. App. 330; Wey v. Miller, 91 Mo. App. 53; Virge v. Bock, 44 Mo. App. 69. The measure of damage for a breach of a contract by a vendee is the difference in the value of the property between the contract price and its market value at the time of the breach. Breen v. Fairbank & Co., 35 Mo. App. 212; Skudder v. Waddingham, 7 Mo. App. 26.

*Templeton & Hales* for respondent.

ELLISON, J.—Plaintiff's action is for damages alleged to have accrued to him on account of defendant repudiating and refusing to perform a contract for the purchase of his farm. The judgment in the trial court was for the plaintiff.

It is sufficient to state that plaintiff and defendant, on the 11th of January, 1911, entered into a written contract for the purchase of plaintiff's farm by defendant, the contract providing that plaintiff was to make a warranty deed, furnish an abstract showing a good title in plaintiff and give possession on March 1st thereafter, when the agreement was to be consummated. In a few days after the date of the contract the defendant claimed misrepresentations as to the farm and notified plaintiff that he would not perform.

Whereupon, on the 20th of January, 1911, plaintiff brought this action.

Plaintiff did not state in his petition, nor did he show by evidence, that he owned or had good title to the land he sold and agreed to convey to defendant, or that he could have had by the day fixed for performance. He insists that it was not necessary for the reason that defendant had notified him he would not perform. We are of the opinion that plaintiff is seeking to extend too far the rule of law that a notice from one party of withdrawal from a contract, or of refusal to perform, releases the other party. If one party, before the time of performance, abandons the contract and notifies the other that he will not perform, the other may treat the contract as at an end and sue for damages without waiting for the time of performance to expire, and he may bring such action without tendering performance of any covenant on his part. But in such action it is necessary, of course, for him to show that he was damaged. The repudiation of a mutual contract by one party before the day of performance, will render unnecessary a tender of performance by the other party. But it will still leave it necessary for him to show that he might have performed but for the abandonment by the other party. Thus, it is familiar, that in a mutual promise of marriage at a future time, if one marries a third party before that day, an action for the breach may be immediately instituted and there need be no offer of performance by the plaintiff. But, in order to successfully maintain it, it must appear that she was herself capable of carrying out her contract; for example, it must appear that she is a single woman.

In the present case, if defendant wrongfully withdrew from the contract before the day for its consummation, it gave plaintiff the right to institute his action for damages without waiting for the expiration of the time for consummating the sale, and, as we have

said, it relieved him from the ordinary requirement of tendering a deed to his farm; but it did not do away with the necessity of his showing that he was the owner of the farm at the time of the notice, or would have been by the day of performance; otherwise he has no foundation upon which to rest a claim for damages. The notice of refusal to perform which defendant gave to plaintiff before the day for performance of the contract was no different from a refusal to perform on that day, only that it gave plaintiff a right to an immediate action without a tender on his part. If the refusal to perform had not been made by defendant until the day for performance had arrived, it would, undeniably, have been necessary that plaintiff should have been able to perform on his part. [Birge v. Bock, 24 Mo. App. 330; Davis v. Watson, 89 Mo. App. 15.] The difference between that situation and the one presented is that here plaintiff was relieved of the duty to tender performance.

When a vendee, under a contract to buy, gives notice that he will not complete the purchase, the vendor has a right to treat the contract as at an end and immediately sue for damages without a tender of performance on his part; but it would be necessary that such vendor show either that he was the owner of the land and able to convey good title, when he received the notice, or that he would have been by the day set for performance, for that is the basis for his action.

We think the cases cited by plaintiff not applicable.

The cause was not tried in accord with what we have said, and hence we will reverse the judgment and remand the cause. All concur.