J. M. NANCE, Appellant, v. A. W. SEXTON, Respondent.

Kansas City Court of Appeals, May 20, 1918.

1. **VENDOR: Executory Contract: Ownership of Land: Knowledge of Buyer.** One cannot make a valid executory contract for the sale of land which he does not own and in which he has no interest, unless the buyer knows he does not.

2. **VENDOR'S LACK OF TITLE: Purchaser: Rescission: Damages.** If the vendor in an executory contract for the sale of land has

no title, nor no interest in it, but the purchaser believes he had the latter, on learning that he has not, may repudiate the contract and will not be liable for damages to the seller.

3. **VENDOR'S INTEREST:** Fraud: Rescission.   If the vendor in an executory contract for the sale of land knowingly deceives a purchaser into the belief that he is the owner of the land, when in fact, he has no interest in it, and the purchaser would not have entered into the contract if he had known the fact, the vendor is guilty of a fraud and the purchaser may repudiate the contract on learning of the deception.

Appeal from Macon Circuit Court.—*Hon. Vernon L. Drain,* Judge.

AFFIRMED.

*Sheppard & Sheppard* for appellant.

*Nat M. Shelton* and *C. C. Buster* for respondent.

ELLISON, P. J.—Plaintiff's action is for damages alleged to have accrued to him by reason of defendant having repudiated a sale and exchange of farms and refused to carry out the contract. The trial court sustained a demurrer to the evidence and judgment was rendered for defendant.

It appears that plaintiff was a real estate agent residing in Stoddard county in southeast Missouri and that defendant was a farmer residing in Macon county, in the northeast part of the same State. Plaintiff frequently went about the State in pursuit of his business. He met defendant in Macon City the county seat of Macon county and proposed to trade him a farm in Stoddard county for plaintiff's farm. This meeting in Macon City was without prearrangement and defendant did not know that plaintiff was a real estate agent.   The only understanding which can be had of the record is that plaintiff's proposal was to exchange his own farm for defendant's, the difference in value and acreage and encumbrances to be adjusted. Plaintiff went out with defendant to look at the latter's farm. They returned to Macon

City and went down together to Stoddard county that defendant might look over that farm. Plaintiff took defendant over it and the latter was pleased. A written contract of exchange was drawn between them and signed by each, in which plaintiff is stated to be the owner of the Stoddard farm, in words such as: "Each party thereto;" and "Each are conveying" and "Their said described land;" and "Each party is to give possession of their tracts of land," etc.

Defendant returned home. In the course of several days plaintiff, who had been in Illinois, came back by way of Macon City, when he was informed by defendant that his wife refused to make the exchange and would not sign a deed and that he was afraid he could not carry out the contract. Something transpired in plaintiff's conversation, or conduct, that caused defendant to ask plaintiff if he was the owner of the land he was undertaking to sell. After some evasion, plaintiff admitted he was not. Thereupon defendant immediately repudiated the contract, plaintiff returned home and in a few weeks instituted this action.

Defendant having repudiated and rescinded the contract, left plaintiff free to institute a action for damages without the necessity of tendering a deed in performance of his part of it. [Armstrong v. Dunn, 163 Mo. App. 701.] But the question presented by defendant's act is whether one who is not the owner of land he contracts to sell and is without any claim of title, can make a valid contract of sale? There are decisions by courts of the highest standing, that he may, if at the time of performance he is able to furnish a good title. [Dresel v. Jordan, 104 Mass. 407, 414; Backman v. Park, 157 California, 607; Rutland v. Brister, 53 Miss. 683, 686.]

Other authorities qualify that rule with the statement that the purchaser must have known that the seller was not the owner. [Weitsel v. Seysor, 23 South Dakota, 367, 374; Walkin v. Nokken, 161 N. W. 194. (S. D.).]

Others qualify the rule by the condition that the vendor must have had some claim or right to the land. [Topp v. White, 12 Heiskell 165, 179; Pipkin v. James,

1 Humphrey (side page) 325, 328; Green v. Chandler, 25 Texas, 148, 159-161; Trust Co. v. McIntosh, 68 Kansas, 452, 462; Drake v. Latham, 50 Ill. 270, 272; McNeny v. Campbell, 81 Neb. 754, 758.]

We are inclined to the qualification last stated and to hold, that if one has no title, nor bona-fide claim of owner-ship, and this is unknown to the proposed purchaser, he cannot make a valid executory contract with such purchaser, and that the latter may repudiate such contract upon learning the fact before executing the contract. It seems to us that a contract of that character lacks mutuality. It is a contract such as that if the true owner of the property conveys it to the purchaser, or to the adventurer, and the latter to the purchaser, all is well; but if the owner refuses and the adventurer is insolvent the deceived party must pocket his loss. And even if the pretended vendor is solvent, the purchaser might want specific performance instead of damages, yet he could not get it, since it would be entirely out of the power of the former to perform. The risk is all with the purchaser; a risk he should not be required to take unless, of course, he knows the fact. It is not a fair answer to this to say, that if the purchaser does not get a title at the time appointed, he may save himself by refusing to pay. He is entitled to a contract that, from the start, binds the other party as effectually as it does himself. To permit the seller to enforce such contract is to allow him to speculate on the chance of his success in getting a title, leaving the purchaser liable to be the victim of what may well be said to resemble a game.

There is another reason why the peremptory instruction was properly given. The authorities last above cited make clear that if the vendor fraudulently conceals the fact that he does not own the land and has no interest in it, he is guilty of a fraud which will justify the purchaser in repudiating the executory contract when he learns the fact. [29 Amer & English Ency. of Law, 667.]

Allowing ordinary common sense to plaintiff he must have known that defendant supposed he was the

owner of the land he was proposing to sell. They were together several days in Macon and Stoddard counties. They travelled together, yet plaintiff carefully concealed the fact that he did not own the land. The uncontra-dicted fact is that he never spoke with the owner, and that his only interest in the land was a verbal consent that he might sell it from a firm of real estate agents in Stoddard county whom the owners had verbally author-ized to find a buyer. When they went to Stoddard county they were met by one of these agents and he went with them to the farm, not in the capacity of an agent, but as plaintiff's employee and no intimation was given him as to who this agent really was. Finally a contract was drawn with plaintiff as owner. It is perfectly apparent that during this entire time plaintiff was playing the deceptive role and defendant knew no better until some weeks after the contract was signed. It is an uncontra-dicted fact in the case that defendant would not have en-tered into the contract with any one but the owners if he had not been misled. Plaintiff testified that defendant did not tell him that he would not, but, assuming he did not tell him, it would not alter the matter; it was not necessary to tell him, for he was engaged the whole time in practicing a deception on defendant which it would not have been necessary to practice if he had not known, or believed, it would have made a difference in defendant's action.

Each party has cited the foregoing case of Arm-strong v. Dunn, supra, decided by this court. The ques-tions presented in this case did not arise in that. There the seller was the owner of the farm he contracted to sell and the general and correct rule was stated that the seller must be such an owner that he could convey good title at the time of the contract, or that he would be by the time of performance. There is no intimation in that case that one may practice a fraud, or may pretend to control the sale of a piece of land in which he has no claim or interest, taking the gaming chance of being able to get the title, and if he could, of the contract proving

199 M, A,—30.

profitable. Nor is there anything said in that case countenancing the deception which record shows was practiced here.

The judgment is affirmed. All concur.