F. M. ADKINS *v.* DOWNING GAS COMPANY

(No. 8707)

Submitted April 26, 1938. Decided June 28, 1938.

*A. F. Morris, Robert S. Spilman, Jr.,* and *W. Victor Ross,* for plaintiff in error.

*D. E. Wilkinson,* for defendant in error.

RILEY, JUDGE:

F. M. Adkins, hereinafter called plaintiff, brought this action of assumpsit in the Circuit Court of Lincoln County against Downing Gas Company, a corporation, hereinafter called defendant, to collect unpaid delay rentals alleged to be due under an oil and gas lease executed by Everett Messer and wife to the Downing Gas Company on March 11, 1925. Adkins' claim is based upon his present ownership of the leased premises and upon an assignment to him of the lease in question by Anna

Peterson, a former owner of the leased land, and her husband and Everett Messer on December 1, 1930.

The declaration is in two counts, the first count being the "common counts" in assumpsit, and the second count being a special count alleging the conveyance to the plaintiff of the leased premises and the assignment of December 1, 1930. Defendant filed two pleas, the first of the general issue, and the second, of non-ownership of the leased premises by Everett Messer at the time the lease was made in 1925, claiming a failure of consideration. The case was tried to a jury, and upon the verdict of the jury in favor of plaintiff for $1,485.50, the court, after overruling a motion by the defendant to set aside the verdict and grant a new trial, entered judgment for the amount of the verdict.

No question is raised as to the sufficiency of any pleading, nor is plaintiff's right to maintain this action questioned. Furthermore, it is conceded by both parties that plaintiff can only recover for the proportion of the unpaid royalty that the number of acres of the leased premises owned by the lessor at the date of the lease, claimed by the plaintiff to be 34.5 acres, bears to the area of the leased tract, 112.5 acres. The jury's verdict necessarily is based on the calculation that the lessors owned 34.5 acres.

The defendant, plaintiff-in-error, assigns the following actions of the trial court as error: (1) Refusing to grant a new trial, the verdict of the jury being contrary to the law and the evidence; (2) Permitting A. C. Hager, surveyor, to testify that the land described in the lease to defendant and the land described in the deed to Mrs. Annie Peterson are the same tract; (3) Permitting plaintiff to impeach the certified copy of the deed from Mrs. Annie Peterson to plaintiff; (4) Permitting the introduction of evidence by the plaintiff of the location of the Vanatter survey; and (5) Refusing to give defendant's instructions 2 and 3.

It is important at the outset to determine upon whom the burden of proof rests in this case to establish the

title or lack thereof of Everett Messer at the time of execution of the lease involved here, since it is upon the determination of this matter that the ultimate decision of this case must rest. It is upon the question of title thaᴜ the defense of failure of consideration rests. We are not confronted with a negotiable instrument as to which consideration is presumed, nor are we confronted with a simple contract as to which consideration must be alleged and proved by the plaintiff. Neither does the fact that the lease is under seal aid in the solution of this question. Code, 36-3-3. Extensive research has disclosed no case directly in point. It seems clear to us, however, that the burden of proof is on the lessee, the defendant here. It has executed a written contract that assumes plaintiff to have title to the leased premises. If it would defend by its lessor's lack of title, it must assume the establishment of such lack. *Baxter* v. *Aubrey,* 41 Mich. 13, 1 N. W. 897. The situation here affords a good illustration of the justice of this rule. The money sued for is delay rental only; defendant has not undertaken exploration for oil or gas; therefore, defendant has only received in return for its promise to pay delay rental, an exclusive right to make explorations for oil and gas so far as its lessor could give it such right. But it is possible that this was the exclusive reason that defendant entered into the lease in the first instance. Monopoly of a given area is not infrequently the motivation for taking an oil and gas lease, and it is our belief that the lessee, if it would escape payment of delay rentals by failure of consideration due to lack of lessor's title, must prove such failure of consideration.

The argument adduced in support of the first assignment of error is that the uncontroverted physical facts show that the 34.5 acres to which plaintiff asserts title are within the boundaries of the land conveyed to W. Henry Dotson and Parthena Dotson by D. H. Holmes and others by deed (called the Holmes Compromise deed by defendant) dated February 18, 1887, and therefore that the minerals which were reserved and excepted to

the grantors in that deed are owned by their successors in title and not by the successors in title of the grantees.

To have established this contention, defendant should have shown that Everett Messer's title was derived from the Holmes compromise deed. This, they failed to do. It would serve no good purpose here to set out the provisions of the various deeds introduced in evidence by the Gas Company apparently for this purpose, but it is sufficient to say that the deeds are not self-connecting and there is insufficient testimony to carry the lessor's title back to the Holmes compromise deed. Ordinarily, such failure to establish a material link in the defense would be fatal to defendant's case, but here we are faced by what might be called an assumed issue or an implied stipulation.

It is clear from the record before us that it was assumed or impliedly agreed by the parties that plaintiff could only recover the proportionate part of the delay rental which should have been paid for the leased acreage outside the Holmes boundaries, and that this case was tried by both parties on that theory. Defendant contends that it has established by "physical facts" that plaintiff's land is enclosed by the Holmes lines, while plaintiff relies upon a contention that a conflict in the evidence has been resolved in his favor.

The following things may be accepted as true because not contradicted. The only land owned by the lessor at the date of the lease was a 100-acre tract conveyed to him by A. J. Hager and a 12½-acre tract conveyed to him by Evi Messer. There is but one ridge running east and west in the region of the southerly line of the leased land and the Holmes southerly line runs along the top of that ridge. Also, the southerly boundary, running roughly east and west, of the A. J. Hager 100 acres conveyed to lessor, which is the southerly part of the leased premises, while not described as running along a ridge, has several monuments in it located on a ridge. These monuments are similar to monuments in a comparable location that help mark the Holmes line. Furthermore,

we find that the testimony of defendant's surveyor placing the Hager southerly line along the Holmes southerly line is uncontradicted. This testimony is also strengthened by the testimony of Messer that the 34.5 acres on which rental is claimed is below the ridge and south of the Holmes line. In view of all this uncontradicted testimony and evidence, we are of opinion that the jury could not have properly found for plaintiff, and that therefore this case must be reversed and remanded for a new trial.

The other assignments of error are considered in this opinion in order that they may not recur on the re-trial of this case, and to obviate on the re-trial the informalities in the presentation of testimony and evidence which are shown by the record before us.

Assignment of error number 2 is as to the court allowing a surveyor to give his opinion that the land described in the deed was the same land conveyed by the lessor to Annie Peterson, plaintiff's predecessor in title. This was error. In the leading case of *Mylius* v. *Raine-Andrew Lumber Company*, 69 W. Va. 346, 368, 71 S. E. 404, this Court held as error the admission of the opinion of a surveyor to the effect that the lines of a large tract of land were the correct ones. In that case the court said:

> "Ordinarily, such testimony is inadmissible. *The location of boundary lines is not a subject of expert testimony.* It always depends on facts or circumstances which the jury are presumed to be capable of understanding, without the aid of such expert testimony. The court should have excluded this statement." (Italics supplied.)

See also, *Fleming* v. *Railway Company*, 82 W. Va. 1, 5, 95 S. E. 819, L. R. A. 1918D, 710; and *State* v. *West Virginia Pulp & Paper Co.*, 108 W. Va. 553, 152 S. E. 197, Point 2 Syl. But the identity of a monument differs materially from the location of a line dependent upon general evidence. Thus it was said in *Winding Gulf Colliery Company* v. *Campbell*, 72 W. Va. 449, 78 S. E.

384: "The opinion of a surveyor, who has had extensive experience with the lines, corners and boundaries of an ancient patent, as to the identity of one of its corners, which he has examined and tested, is admissible in evidence." (Point 11, Syl.) It is true that defendant is guilty of the same method of presenting evidence, but since this case must be reversed on other grounds, we do not decide the effect of such action by the defendant.

Defendant's third assignment of error is that A. J. Hager was permitted to testify, over objection, that the record of a deed in the Deed Book in plaintiff's chain of title had been changed. The purpose of this testimony was to leave an impression with the jury that the record had been wrongfully changed. No explanation was offered for failure to produce the original deed from which the record was copied. Such testimony should not have been admitted. In *Pardee* v. *Johnston*, 70 W. Va. 347, 350, 74 S. E. 721, this Court said: "The record speaks as a verity and the law presumes that such essential part appearing on the record is a copy or representation of what appeared in the original." The rule is otherwise when the deed is used to attack the record as the deed is primary evidence. See generally, *Robinson* v. *Pitzer*, 3 W. Va. 335.

The fourth assignment of error is that the court permitted the plaintiff to introduce evidence as to the location of the Vanatter survey. The propriety of this evidence is not shown by the record. Perhaps on a re-trial, its pertinence may be shown, and if it is, the proper way to introduce the survey would be by the original or a properly certified copy from the record.

The fifth and last assignment of error has to do with the refusal of instructions 2 and 3 offered by defendant. These instructions read as follows:

"Defendant's Instruction No. 2

"The court instructs the jury that the only deeds in this case by which Everette Messer ac-

quired any rights to land prior to the date of the defendant's lease are the deed from A. J. Hager to Messer conveying 100 acres and the deed from Evi Messer to him conveying 12½ acres, and unless you find from the evidence that the 34½ acre tract claimed by the plaintiff was conveyed to Everette Messer by one of these deeds you must find for the defendant."

"Defendant's Instruction No. 3

"The Court instructs the jury that the plaintiff can collect rentals under the agreement contained in the Oil and Gas lease executed by Everett Messer and wife to the defendant dated March 11th, 1925 covering a tract of 112½ acres of land only that the lessor owned at the date and to which he had good title to the oil and gas thereto; and that the deed from Everett Messer and wife to Anna Peterson executed in July, 1930, conveying 112½ acres; and the deed from Anna Peterson to plaintiff can not be considered by you in determining the location and extent of the land owned by Everett Messer at the date of the execution of the said Oil and Gas lease."

There is no reason why the instructions should not have been given on the state of the present record. We refrain from deciding whether instruction No. 2 should be given on the new trial for the obvious reason that we are not able to predict the trend the evidence will take at such trial. Instruction No. 3 will, of course, be pertinent then and should be given if requested.

The judgment of the Circuit Court of Lincoln County is reversed and the case remanded for a new trial.

*Reversed and remanded.*