JAMES M. JONES, Defendant in Error, *v.* G. M. TULLER, Plaintiff in Error.

| 38 | 363 |
| 117 | 427 |
| 38 | 363 |
| 126 | 213 |
| 126 | 638 |
| 38 | 363 |
| 85a | 146 |

1. *Practice — Pleading — Petition.*— The Practice Act was never designed to dispense with the statement of a legal cause of action against the defendants. In a suit against partners, the petition must aver that the defendants are partners.

2. *Practice—Supreme Court—Error.*—The Supreme Court will judicially notice errors apparent on the face of the record.

### *Error to Dade Circuit Court.*

This was an action commenced in the Polk Circuit Court, in April, 1861, by Jones against —— Butterfield, G. M. Tuller, and all other persons composing the Overland Mail Company, for a breach of contract as proprietors of a stage line from Smith City to Bolivar, Mo., to convey defendant in error safely between said points, and for damages for injuries resulting from such failure. The petition stated a contract between plaintiff and defendants. The statement and petition was entitled a follows: "James M. Jones v. —— Butterfield, G. M. Tuller, and all other persons who compose the Overland Mail Company." There was an affidavit to this petition for an attachment which alleged that "the defendants are a corporate body whose chief office is out of this State." The attachment was served by delivering to one Fisher (who was not named in the petition nor in the writ), on the 2d day of May, 1861, a copy of petition and writ, and by delivery to G. M. Tuller a copy of the writ on the 4th of May, 1861, and by attaching horses, &c. (not stating whose property they were).

At the next term of the Polk Circuit Court, which was held (it being the first term held after the filing of the petition) October, 1862, on the first day of the term, the judge of the court having been of counsel, a change of venue was awarded to Dade county.

At the April term, 1863, of the Dade Circuit Court, an interlocutory judgment was rendered against the defendants.

On the 2d day of the April term, 1864, of that court, the defendants appeared and filed a motion to set aside the said interlocutory judgment, alleging reasons and supported by affidavits. On the next day Butterfield filed an answer in the cause, containing a denial of the allegation of plaintiff's petition. On the day on which this answer was filed, G. M. Tuller, one of the defendants, also filed a motion to set aside the interlocutory judgment. The plaintiff on same day filed a motion to strike out portions of Butterfield's answer, which motion was overruled by the court.

At the April term, 1865, the cause was continued at the plaintiff's cost.

At the October term, 1865, the defendants filed an application for a change of venue on account of the prejudice of the judge. The court overruled defendants' application for a change of venue, which was duly excepted to. The plaintiff then proposed to dismiss this suit as to defendants Butterfield and all others except G. M. Tuller, to which dismissal defendants objected, and, the court permitting such dismissal, duly excepted. Immediately afterward the case was called for the assessment of damages, when the said defendants asked for a hearing and decision on the motion filed by Butterfield and G. M. Tuller at the April term, 1864, to set aside the interlocutory judgment obtained by said Jones against said Butterfield, Tuller and all others comprising said Overland Mail Company, the defendants. This motion being overruled, defendants excepted. Immediately thereafter the plaintiff stated he did not demand a jury, and proposed to submit the hearing of the cause to the court. The defendant G. M. Tuller demanded a jury to assess the damages, which the court refused, and proceeded, after hearing the evidence of plaintiff, to assess the damage, and gave judgment for plaintiff, to which ruling defendants duly excepted.

Defendant G. M. Tuller in due time filed a motion for a new trial. This motion was overruled, and defendant excepted, and filed a motion in arrest and to set aside the judgment, alleging that the petition did not state facts sufficient, &c.;

Jones v. Tuller.

that it does not charge that defendant was a member of the Overland Mail Company; that the petition did not charge that defendant had charge of the stages, or was in any way interested in said company; that the court erred in permitting plaintiff to dismiss his suit as to defendant Butterfield after Butterfield had filed his answer; that the court erred in refusing to set aside the interlocutory judgment as to defendant G. M. Tuller; that the court erred in refusing a change of venue in this cause on application of Owen Tuller; that the court erred in refusing defendant the right to have the damages assessed by a jury in this cause, &c. This motion was also overruled, and defendants again excepted.

*Phelps* and *Sherwood*, for plaintiff in error.

The interlocutory judgment should have been set aside; it was clearly irregular—irregular because rendered against a person not a party to the suit (W. E. Fisher)—irregular because rendered against Butterfield, who was not served with process at all—and irregular as to G. M. Tuller, who was defectively served—Stacker v. Cooper Circuit Court, 25 Mo. 401; Smith's Adm'r v. Rollins, 25 Mo. 408; Lincoln v. Hilbus, 36 Mo. 149; id. 392; id. 47; R. C. 1855, p. 1290, § 26. The court should not have allowed the plaintiff to dismiss his suit as to Butterfield and all the others except G. M. Tuller, Butterfield's answer containing a good defence to the action—Keithly v. May, 29 Mo. 220.

The judgment should have been arrested. The petition was insufficient; it did not charge that G. M. Tuller was a member of the Overland Mail Company, and, although certain defects in pleadings are cured by verdict, that doctrine is inapplicable when there has been a judgment by default. The judgment should also have been arrested as unauthorized by law. Individual members of a corporate body are not personally responsible for the liabilities of the corporation to which they belong — Ang. Corp. §§ 25, 26, 470, et seq.; Myers v. Irwin, 2 Serg. & R. 371; R. C. 1855, tit. Corporations, 376.

24—VOL. XXXVIII.

*James F. Hardin,* for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

The record in this case is full of irregularities. The petition is so manifestly defective in essential particulars and allegations that the omissions could not be cured by verdict or default, and the motion in arrest should have been sustained by the court. From the petition, it is difficult to tell who were intended to be sued as defendants, and in what capacity they were attempted to be held liable. The action purports to be against "Butterfield, G. M. Tuller, and all other persons who composed the Overland Mail Company"; and in the affidavit for an attachment, it is alleged that they are a corporate body whose chief office is out of this State. The pleader was evidently endeavoring to bring his action and declare against a corporate body, but wholly failed to do so in any manner known to the rules of legal pleading. Nor can the petition, by the most favorable and liberal rules of construction, be tortured into a declaration against a partnership. There is no averment that they were partners, nor any apt words used by which such a relationship could be inferred.

And under no possible circumstances can it be contended that there is any sufficient allegation or averment in the petition to charge the appellant G. M. Tuller in his private individual capacity, although it would seem that was the final decision in the court below when judgment was rendered against him. Our Practice Act, liberal as it is, was never designed to dispense with the statement of a legal cause of action, and such carelessness (to characterize it by no harsher term) in pleading cannot be too severely reprehended.

All the defects that we have above adverted to, were not comprehended in the motion in arrest of judgment, but they are errors apparent on the face of the record, which this court will judicially notice. It becomes unnecessary to notice the subsequent errors complained of, as the judgment

will be reversed, with leave to the plaintiff to amend his petition.

Reversed and remanded.    Judge Holmes concurs'; Judge Lovelace absent.