————O————

The Inhabitants of the Town of Clinton, Defendants in Error, vs. Samuel K. Williams, Plaintiff in Error.

1. *Jeofails,* *Statute of — Petition — Averments omitted — Verdict.*—When the necessary averments are omitted in the petition, such defect is not cured after verdict by the statute of amendments.

*Error to the Henry County Court of Common Pleas.*

*F. P. Wright,* for Plaintiff in Error,

The petition does not state sufficient facts to show that plaintiff's have any cause of action against defendant. (Gould's Pl., 160.)

*McBeth & Price,* for Defendants in Error.

The omissions in the petition are cured by the verdict. As a finding on those points was necessary to the finding of the verdict rendered, it will be presumed that their omission was supplied by the evidence. (Roper vs. Clay, 18 Mo., 383; Richardson vs. Farmer, 36 Mo., 35; Shaler vs. Van Wormer, 33 Mo., 386.)

VORIES, Judge, delivered the opinion of the court.

This action was brought by the inhabitants of the town of Clinton to recover from the defendant certain taxes charged to be due from him to the plaintiff as taxes for the year 1870, together with a penalty thereon for non-payment.

The petition charges, that the defendant is indebted to plaintiff for taxes due plaintiff for the year 1870, levied by plaintiff as such corporation upon the assessed valuation of the property of defendant situate in the limits of the corporation of the inhabitants of the town of Clinton, and for ten per cent. penalty added to said tax by the collector of plaintiff after the 2d Monday of October, 1870, said tax being then delinquent and unpaid for the year 1870 ; that the amount of taxes due for said year appears on the tax-book as follows: (The plaintiff then sets forth a tabular statement of the taxes and penalty due, showing the Addition of the town, the lot and amount of taxes, and penalty, levied on each, amounting in all to $67 60). The petition then charges, that said tax and penalty is due plaintiff, and prays judgment therefor, and prays that a special judgment be rendered against the property taxed, and that the same be sold to satisfy the judgment, as provided by an ordinance of the inhabitants of the town of Clinton, entitled " an ordinance to provide for the levying, assessing and collecting of the revenue of the inhabitants of the town of Clinton," passed April 9th, 1870.

The defendant by his answer simply denies that he is indebted to plaintiff, either for the taxes or penalty charged, or on any other account, and then makes a sweeping denial, in which he states that he " denies each and every material allegation in the petition necessary to be denied or controverted."

A trial of the cause was had by the court, a jury having been waived. The plaintiff to maintain the issues on his part introduced one Stevens as a witness, who testified, that he was clerk of the board of trustees of the inhabitants of

the town of Clinton, that as such he had the custody of the books of the town. The plaintiff then offered to read in evidence an order entered on said books, by which one G. S. Ellis purported to have been appointed the collector for the inhabitants of the town of Clinton.

The defendant objected to the introduction of said order as evidence on the ground, that it had not been shown that plaintiff had any authority to make said appointment. This objection was overruled, and the defendant excepted. G. S. Ellis then testified, that he was the collector of the inhabitants of the town of Clinton, and produced the tax-book of plaintiff for the year 1870, and read therefrom entries of what purported to be assessments of taxes on certain town lots therein set forth, which were charged to defendant. The defendant also objected to this evidence for the reason, that no authority had been shown in the plaintiff to levy and collect taxes, and that it was not shown that the defendant was the owner of the property taxed.

The witness also stated, that he had been appointed the collector of taxes since the taxes read in evidence were assessed, and that he only knew that the taxes had not been paid by the entries on the book. The above was all of the evidence given in the cause.

The defendant then asked the court to make several declarations of law, some of which were given and others refused; but they need not be noticed here.

The court then rendered a judgment in favor of the plaintiff for the sum of $61 47, directing that the property assessed be sold to pay the same.

The defendant filed motions for a new trial and in arrest of the judgment. It is set forth in the motion to arrest the judgment as ground for said motion, that the petition does not contain sufficient facts to constitute a cause of action, and that said petition fails to show that said plaintiff is a corporation and entitled to sue, etc.

These motions being severally overruled the defendant again excepted, and has brought the case here by writ of error.

There are several grounds relied on by the plaintiff in error for the reversal of the judgment rendered in this case, but it will only be necessary to notice one of them.

The petition is so clearly defective that it is impossible to sustain any judgment rendered in the cause. It is not averred in the petition, that the plaintiff is a corporation, or that it was incorporated in any manner, either as a municipal corporation or otherwise; nor are there any other averments, from which a legal authority in the plaintiff can be inferred to either levy or collect taxes; all that is stated in the petition may be true, and yet no liability exist on the part of the defendant to pay the taxes sued for.

It is true, that the answer of the defendant is so indefinite as to admit almost all the allegations of the petition, yet it denies the liability of the defendant to pay the taxes sued for; but if the whole of the facts stated in the petition were admitted, still no cause of action appears.

It is contended, however, that the defects in the petition were cured by the verdict, and that under our statute of amendments the judgment ought not to be arrested. This would be true, if these material allegations had been in some way, but defectively, stated, and no objection taken to their sufficiency until after verdict. The insufficient allegations in such case would be cured after verdict. But in this case the defendant objected to the evidence when offered on the ground, that no authority had been shown in plaintiff to levy and collect taxes, thus attempting to take advantage of these defects in the petition and evidence before verdict, and it will be seen, that there is an entire want of any allegation showing that plaintiff was a municipal corporation, or that it was in any way authorized to either levy or collect taxes. And in fact it appears from the bill of exceptions, that the proof was just as deficient in this particular as the petition. This, then, not being a case in which the averments are only defectively stated in the petition, but are wholly wanting or omitted, the statute of amendments can not cure the defects. (Frazier vs. Roberts, 32 Mo., 457; Jones vs. Tuller, 38 Mo., 363.)

The motion in arrest of the judgment ought to have been sustained, and for the error of the court in overruling said motion, and in rendering judgment in favor of the plaintiff, said judgment will be reversed, with leave to the plaintiff to file an amended petition in the case.

The other Judges concur, Judge Adams not sitting.