CHARLES C. CRONE, Respondent, *v.* EMIL MALLINCKRODT, Appellant.

**November 3, 1880.**

1. Where a petition states a cause of action, its defects of statement are cured by verdict.

2. Where the work for which two special tax-bills are issued is distinct, that the ordinance and contract were the same does not necessitate one bill for the whole work.

3. Where the facts alone can furnish a basis for applying a charter provision, and the evidence is not preserved, and there is no admission of the facts in the pleadings, the question will not be reviewed in the appellate court.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

MARSHALL & BARCLAY, for the appellant: The petition does not state a cause of action. — *Irvin v. Devors*, 65 Mo. 625 ; *Saxton v. Beach*, 50 Mo. 488. The court below had no jurisdiction of the cause. — *The State v. Campbell*, 62

Mo. 585; *Pate* v. *Pate*, 6 Mo. App. 49; *The State* v. *St. Louis*, 67 Mo. 113; *The State* v. *St. Louis*, 56 Mo. 277; *Sheehan* v. *Gleason*, 46 Mo. 100; *Haegele* v. *Mallinckrodt*, 46 Mo. 577. The facts stated in the petition will not support the judgment. — *City* v. *Clemens*, 49 Mo. 552; *McGrath* v. *Allen*, 49 Mo. 552; *Newman* v. *Smith*, 50 Mo. 525.

IRWIN Z. SMITH and JACOB KLEIN, for the respondent: Where the petition states a cause of action, its defects are cured by verdict. — *Pomeroy* v. *Benton*, 57 Mo. 531; *Priest* v. *Bircher*, 6 Mo. App. 565; *Burdsall* v. *Davies*, 58 Mo. 138. And a motion in arrest would not be sustained in such a case. — *Corpenny* v. *Sedalia*, 57 Mo. 88. In examining the petition, the court will construe the same liberally under the statute. — *Board, etc.*, v. *Woods*, 6 Mo. App. 590. The allegations concerning the ordinance and contract are sufficient. — *St. Louis* v. *Hardy*, 35 Mo. 261; *St. Louis* v. *Coons*, 37 Mo. 44. This court will presume, after verdict and judgment, that all essential facts were proved. — *Berthold* v. *Insurance Co.*, 2 Mo. App. 311; *The State to use* v. *Meyer*, 2 Mo. App. 413; *Bowie* v. *Kansas*, 51 Mo. 454; *The State ex rel.* v. *Sullivan*, 51 Mo. 522.

HAYDEN, J., delivered the opinion of the court.

This is a petition based upon special tax-bills issued against a lot of ground belonging to the defendant, for the improvement of two alleys between which the property lies, in block No. 1206 of the city of St. Louis. The petition contains two counts. The first point made by the defendant arises upon the record proper, and involves the question whether the petition states a cause of action.

It is clear the petition would be bad upon demurrer. The ordinance is not properly pleaded. It is not averred that the ordinance was passed by the Municipal Assembly and approved by the mayor of the city of St. Louis. The alle-

gation is that " the city of St. Louis, by authority of an ordinance entitled 'An ordinance to improve alleys in city block number twelve hundred and six,' approved August 24, 1878, and numbered 10,854, which said ordinance had been duly recommended by the board of public improvements of said city, as required by law, and under contract No. 214, contracted with the plaintiff's assignor for the paving of two alleys, running north and south in city block No. 1206, from Mallinckrodt Street southwardly as far as open, and between Second Street and Broadway, with stone on edge," etc.    It is further averred that, " under the provisions of the Charter of the city and of the ordinance, the cost of the work was chargeable as a special tax and lien upon and against all property adjoining such completed improvements, and upon and against each lot of ground so adjoining, worth such proportion of the whole cost of said work as the number of linear feet of such lot adjoining such completed improvement bears to the whole number of linear feet of property so adjoining; that Duffy faithfully performed and completed the work in a skilful and workmanlike manner, as required by said contract, and to the satisfaction of the proper officer of the city of St. Louis in charge thereof; and that thereupon the president of the board of public improvements of the city, having computed the cost of said work on the western alley in the block, assessed the same upon and against the property adjoining the work, in the manner required by the Charter of the city and said ordinance numbered 10,854, as a special tax thereon, and assessed against said property of the defendant the proportionate share chargeable against the same, and made out a special tax-bill therefor," etc. In the second count, corresponding allegations are made in reference to the eastern alley and its paving by Duffy.

Here the substance of the ordinance is not given, nor are the material parts pleaded, nor does it appear that the ordinance prescribed the materials or the manner of doing the

work. It is, however, alleged that the proceedings were taken and the contract made and work done by authority of the ordinance, and that under the ordinance the cost of the work was chargeable as a special tax and lien upon the property adjoining, etc. These allegations, which are plainly insufficient to make the pleading good, had objection been taken in the proper way, may, in connection with the other allegations showing that proceedings were taken as on the basis of a valid ordinance and the tax-bills issued, be resorted to for the purpose of sustaining the judgment. In view of all that is alleged, it cannot be said that no cause of action is shown, but it appears rather that there is an imperfect and defective statement of a good cause of action.

The distinction between proceedings to take private property for public use and actions like the present is adverted to in *Eyermann* v. *Blakesly*, *ante*, p. 231. In cases like the present, by express provision the tax-bill makes out a *prima facie* case. This does not, indeed, relieve the plaintiff from stating a cause of action, but it casts upon the defendant burdens of defence which would otherwise be imposed on the plaintiff. There must be a correspondence between the pleadings and proof, and the averments of the petition may be less rigidly construed than might otherwise be the case, in view of the peculiar provisions of the statute. The averments are here sufficient to show that there was jurisdiction.

It is objected that two bills were issued for work done under the same contract, which bills were against the same lot; that the cost of the work was thus subdivided in the assessment, whereas all that is charged against any one lot must be in one bill. But it appears that the work for which the two bills were issued was distinct work, the bill first declared on being for work on the western alley, and the second for work on the eastern alley, the property lying between the two. The fact that the ordinance and

the contract were the same does not necessitate one bill for different and distinct work.

The present City Charter provides that "whenever the estimated special taxes to be assessed against any property shall in the aggregate amount to more than twenty-five per cent of the assessed value of said property, calculating a depth to said property of one hundred and fifty feet, then the Assembly shall provide out of the general revenue for the payment of the amount in excess of the said twenty-five per cent." It is contended by the appellant that if the proper construction be given to this clause of sect. 18 of Art. VI. of the Charter, the judgment was for a sum in excess of what should have been rendered. But without having the facts before us we cannot undertake to apply the section quoted to the present case. Though we may look to the allegations of the petition to ascertain if a cause of action is stated, and whether the judgment, as such, is justified, yet, in ascertaining the amount, the evidence should be considered, and this is not preserved. Even the facts of detail which are stated in the petition may not have corresponded to the evidence, or the allegations have been proved precisely as laid. It is, however, stated that as it appeared to the president of the board of public improvements that the proportionate share of the cost of paving these alleys chargeable against the defendant's lot was more than twenty-five per cent of the assessed value of the lot ($1,344, twenty-five per cent being $336), and, having issued the special tax-bill mentioned in the first count for $195.50, and having ascertained that the proportionate share of said cost for said eastern alley to be charged against said lot of defendant was the sum of $168.65, which, with the said other sum of $195.50, exceeded twenty-five per cent of said assessed value of said lot by $46.15, the said president did assess against said property the proportionate share so chargeable and to be assessed against the same, viz., $140.50, and certified that said sum

of $46.15 was payable out of the general revenue of the city of St. Louis.

These allegations of the petition were denied; and in the absence of any evidence as to the actual facts, or any guide as to the basis for applying the provisions of the Charter in question except the allegations of the petition, we must hold the defendant's point as to the excess in the amount of the judgment not well taken. The argument of the defendant is based upon the assumption that the true depth of the property thus assessed is only thirty feet, or one-fifth of the standard depth of the provision of the Charter, and he contends that the property can only be assessed in the ratio which its depth bears to the standard depth. But if we are to be guided by the allegations of the petition as made, the depth of the lot is over one hundred and fifty feet; and, as stated, there is no evidence of facts preserved.

The judgment will be affirmed. All the judges concur.