STALEY HOUSE FURNISHING COMPANY, Respondent, v. LILLIE WALLACE ET AL., Appellants.

St. Louis Court of Appeals, February 23, 1886.

1. PLEADINGS—AIDER BY VERDICT.—A petition which does not contain averments which are essential to make such a statement of facts as constitute a cause of action, can not be aided by verdict.

2. —— REPLEVIN.—In replevin, a petition which fails to state that the property is wrongfully detained, or facts from which a wrongful detention may be implied, will not support a judgment for the plaintiff.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

T. J. ROWE, for the appellant: The omission to allege that "property is wrongfully detained," is fatal upon motion in arrest or upon error. The gist of the action is the wrongful detainer. *McDonald v. Walton*, 2 Mo. 48. Again, the petition fails to describe the property. The property is described in an exhibit attached to the petition. Exhibits constitute no part of the petition, *Peake v. Bell*, 65 Mo. 224; *Hogan v. Christy*, 3 Mo. App. 566; *Burdsal v. Davies*, 58 Mo. 138; *Railroad v. Kundson*, 62 Mo. 569. These defects in the petition are fatal on appeal. *Donovan v. H. M. Thompson P. Co.*, 9 Mo. App. 595.

C. P. & J. D. JOHNSON, with ROEDER & RITCHIE, for the respondent: The petition in the case at bar, states that the plaintiff was entitled to certain personal property without describing it specifically. This is a defect which might have been reached before answer, either by demurrer or motion to make more definite and

certain, but the appellants waived the defect by answering over, and, besides, they claimed a return of the property in their answer. It is clear that the verdict could not have been given or the judgment rendered without proof of the property. The record shows that such proofs were made upon the allegations of the petition, including that with refence to the description of the property contained in the exhibit. The character or kind of property in controversy is necessarily implied, if not admitted by the answer. *Jones v. Louderman*, 39 Mo. 290 ; *Shaler v. Van Wormer*, 33 Mo. 387. See, also, *Palmer v. Hunter*, 8 Mo. 512 ; *Richardson v. Farmer*, 36 Mo. 35 ; *Bowie v. Kansas City*, 51 Mo. 454 ; *The State v. Railroad*, 51 Mo. 522.

ROMBAUER, J., delivered the opinion of the court.

This is an action for the recovery of specific personal property. The trial of the cause by the court sitting as a jury, resulted in a verdict and judgment for the plaintiff for possession of the property and nominal damages. One of the errors assigned by the defendants appealing is, that the petition fails to state facts sufficient to constitute a cause of action, and can not support the judgment.

The petition is in the following words : "The plaintiff states that it is a corporation duly organized and existing under and by virtue of the laws of the state of Missouri, and that it is the owner of and lawfully entitled to the ·possession of the personal property referred to, and also that described in the attached paper, marked 'exhibit A,' of the value of fifteen hundred dollars. That on the twenty-sixth and twenty-seventh days of June, 1884, the said plaintiff, the Staley House Furnishing Company, demanded of the defendants the return of said property, which defendants refused, and still refuse to deliver up to the plaintiff. That by reason of

the premises, the plaintiff has been damaged in the sum of two hundred dollars. Wherefore," etc.

The objections urged against the sufficiency of this petition are, that it fails to state either a wrongful taking or wrongful detention of the property; fails to show that the defendants are in possession thereof, and fails furthermore to show what the property consists of, since the paper marked exhibit A, is in no sense a part of the petition.

The respondent claims that, conceding that these objections are well taken, yet the defendants are not in a position to benefit thereby, because they failed to demur, or move in arrest, and because the defects in the petition, if any, have been cured by verdict under the provisions of section 3582, Revised Statutes. By that section, among other defects, the following are cured by verdict: "Omitting any allegation or averment, without proving which the triers of the issue ought not to have given such a verdict."

This language is very broad, but in construing it, the supreme court has repeatedly held that the total omission of an averment necessary to authorize a recovery is not cured by verdict. It has stated the rule to be, that matters informally stated are aided by verdict, but the omission of essential averments can not be thus supplied, unless the petition contains terms sufficiently general to comprehend them by fair and reasonable intendment. *Frazer v. Roberts*, 32 Mo. 457; *Jones v. Tuller*, 38 Mo. 363; *Clinton v. Williams*, 53 Mo. 141; *International Bank v. Franklin Co.*, 65 Mo. 110.

There is nothing in the cases of *Jones v. Louderman* (39 Mo. 290), and *Schaler v. Van Wormer* (33 Mo. 387), which militates against this position. The latter case holds in terms expressed that, "if the matter material to plaintiff's cause of action, be not expressly averred in the petition, but the same *is necessarily implied from what is expressly stated therein*, the defect is cured by verdict."

Applying this test to the plaintiff's petition, it will appear that there. is nothing stated therein leading necessarily to the inference that the property was wrongfully detained by the defendants from the plaintiff, at the date of the institution of the suit.   The allegation that the plaintiff is the owner and lawfully entitled to the possession of the property, does not necessarily imply a wrongful taking, or a wrongful detention thereof by the defendant.   There are many cases known to the law where several parties may lawfully be entitled to the possession of the same property by virtue of joint ownership, or independent rights therein. Nor does the fact that the return of the property was demanded by the plaintiff necessarily imply that the defendants were at any time in possession thereof.

In order to determine either of these facts, *essential* to the plaintiff's cause of action, resort must be had to the evidence.   That where *essential* averments are omitted, the petition can derive no aid from the evidence, has been decided in the parallel case of *Andrews v. Lynch* (27 Mo. 169).   That case has never been over-ruled, nor, as far as we are aware, has its authority been ever questioned.   As the last controlling decision of the supreme court it is binding upon us, under the constitution, and we can not question the soundness of the rule.

That case is almost identical in its facts with the present.   It was an action for conversion of a slave by the bailee, and petition failed to aver that the slave was lost by the bailee's negligence.   The defendant did not demur, nor did he move in arrest.   He had filed an answer averring due diligence.   The cause was submitted to the jury on proper instructions, and the trial resulted in a verdict for the plaintiff.

Judge Napton, in delivering the opinion of the court, said :    "There was evidence of negligence before the jury which justified the verdict.   *   *   *   But we can not see how this judgment can be sustained upon such a petition.   *   *   *   The old rule of the English judges that a verdict would supply whatever of necessity must

have been proved to the jury, has never been held to extend to cases where the *gist* of the action is omitted. Nor have the various statutes of amendments and jeofails enacted in several of our states, and embodying this principle, ever been construed to embrace a case where no cause of action is stated. Our statute upon this subject contains nothing new or additional to the old rule. 2 Rev. Code 1855, p. 1256, cl. 8, 9. Indeed, section ten of article ten of the Practice Act (Rev. Code 1855, 1232) declares that the objection that the petition does not state facts sufficient to constitute a cause of action is not waived by a failure to demur, or to suggest the objection in the answer."

The objection that the property is not described in the petition, is waived by the fact that the defendant's answer treats exhibit A, which contains a description of the property, as part of the petition. In view of a retrial of the cause, however, which will necessitate an amendment of the petition, we deem proper to suggest that the rules of pleading require that the petition should contain a full statement of the cause of action in itself, and not by reference to exhibits, which are in no sense part of the petition. *Baker v. Berry*, 37 Mo. 306; *Bowling v. McFarland*, 38 Mo. 465.

The objection that the petition fails to state a cause of action is never waived. *Bateson v. Clark*, 37 Mo. 31; *The State v. Griffith*, 63 Mo. 548; *Donovan v. Thompson Pottery Co.*, 9 Mo. App. 595.

While we look with great disfavor on an objection of this character, raised for the first time on appeal, we must give effect to it under former decisions of the supreme court and of this court, even in cases like the present, where the judgment in other respects seems to be for the right party.

On the ground that the plaintiffs' petition fails to state facts sufficient to constitute a cause of action, the judgment herein is reversed and the cause remanded. Lewis P. J., concurring, it is so ordered; Thompson, J., dissents.