Bank v. Wright's Trustee.

SEABOARD NATIONAL BANK, Assignee, Appellant, v. LOUISA H. WRIGHT'S TRUSTEE *et al.*, Respondents.

St. Louis Court of Appeals, December 15, 1896.

**Street Improvements:** SPECIAL TAX BILL: DEMURRER: PLEADING. In a suit on a special tax bill, by the assignee of a claim for street improvements, which the petition alleged to be a lien on defendants' property—Held, on demurrer: That since no facts showing its invalidity were stated in the petition, it was not necessary for plaintiff to anticipate and avoid in the petition any defenses the answer might set up; it would have been sufficient even if it had only alleged in general terms that the bill was duly issued to plaintiff's assignor, that it was assigned to plaintiff, and that defendant was the owner of the property charged thereby.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann* and *Lon O. Hocker* for appellant.

A demurrer admits all the well pleaded averments of the petition. *Verdin v. St. Louis*, 131 Mo. 26; *Dodson v. Lomax*, 113 *Id.* 555; *McKinzie v. Mathews*, 59 *Id.* 99; *Butler v. Lawson*, 72 *Id.* 227; *State ex rel. v. Carroll*, 63 *Id.* 156; *Boogher v. Kropp*, 76 *Id.* 457.

On demurrer, the sufficiency of the averments of the pleading is alone determined, and extraneous matters are not considered, but must be brought in issue by answer. *Musser v. Adler*, 86 Mo. 445; *Northrup v. Miss. Valley Ins. Co.*, 47 *Id.* 435; *Mason v. Pitt*, 21 *Id.* 391; *Finley v. Quirk*, 4 Minn. 197; Bliss on Code Plead., sec. 352, p. 408.

Bank v. Wright's Trustee.

*T. J. Rowe* for respondents.

In *Verdin v. City*, 131 Mo. 100, it is held that an ordinance which requires contracts for reconstruction and maintenance to be let in one contract are void, being in violation of the charter of the city of St. Louis.

In case number 6541, *Seaboard Nat. Bank v. Woesten et al.*, now pending in this court, the validity of the ordinance upon which plaintiff's suit is bottomed will be considered.

ROMBAUER, P. J.—The plaintiff brought suit as assignee of the Barber Asphalt Paving Company on a certain special tax bill for street improvements, which the petition claims is a lien on the defendants' property. Nothing appeared on the face of the petition showing that the tax bill was invalid, although the ordinance under which the work was done and subsequent steps taken were set out with needless particularity.

The defendants demurred to the petition on the following grounds:

"*First.* Petition fails to state facts sufficient to constitute a cause of action.

"*Second.* The Barber Asphalt Paving Company, assignor of plaintiff, could not have or maintain any action in the state of Missouri.

"*Third.* The ordinance upon which plaintiff's alleged cause of action is based is illegal, null, and void."

The court sustained the demurrer on the first and third grounds therein stated, and overruled it as to the second. The plaintiff refusing to plead any further, the court rendered judgment against it on demurrer. Hence this appeal.

We are at a loss to conceive on what theory this demurrer was sustained. The petition would have been good even if it had only stated in general terms that the tax bill was duly issued by the city of St. Louis to plaintiff's assignor, that it was assigned to the plaintiff, and that the defendant was owner of the lot charged thereby. *Turner v. Patton*, 54 Mo. App. 654. Since no facts showing its invalidity are stated in the petition, it was not necessary for the plaintiff to anticipate and avoid in that pleading any defenses that the answer might set up. On a demurrer to a petition the facts well pleaded are admitted. *Verdin v. City of St. Louis*, 131 Mo. 26, and extraneous matters can not be considered. *Mussur v. Adler*, 86 Mo. 445. These must be set up in the answer.

*Demurrer: pleading.*

The judgment is reversed and the cause remanded. All the judges concur.