THE BARBER ASPHALT PAVING COMPANY, Appellant, v. ALEXANDER YOUNG *et al.*, Respondents.

68b 175
76 355

St. Louis Court of Appeals, December 22, 1896.

Street Improvements: PETITION: DEMURRER. In a suit on a special tax bill for the reconstruction of a street, it was error to sustain a general demurrer to the petition, where nothing appeared on the face of the petition showing that the tax bill was invalid, as held by this court in *Seaboard National Bank v. Wright et al.*, page 144, *ante*.

*Appeal from the St. Louis City Circuit Court.*—Hon. John M. Wood, Judge.

Reversed and remanded.

*Adiel Sherwood* for appellant.

A petition must be fatally defective in order that it may be held demurrable. 3 Black. Com. 315.

Where a petition shows, at least by intendment, a contract between the parties, and a right of recovery thereon, a general demurrer will not lie, but the defect, if any, must be reached by motion to make more definite and certain. *Hirsch v. U. S. Grand Lodge*, 56 Mo. App. 101.

It has often been held by our appellate courts that, as all of the material allegations of the petition are admitted by the demurrer, the petition is not demurrable, if these allegations, taken as a whole, state a cause of action. *Planet Property Co. v. R'y*, 113 Mo. 613; *Darby v. Cabanne*, 1 Mo. App. 126. See, also, *State v. Carroll*, 63 Mo. 156; *Justice v. Town of Lancaster*, 20 Mo. App. 559; *Butler v. Lawson*, 72 Mo. 227; *Seaboard Nat. Bank v. Wright et al.*, decided at present term.

No brief filed for respondent.

Biggs, J.—This is an action on a special tax bill for the reconstruction of a street in the city of St. Louis. The petition charges that the bill is a lien on the defendant's real estate. The ordinances under which the work was done and the subsequent steps were needlessly set forth. It would have been sufficient to aver the issuance of the tax bill by the city authorities, and that the defendants were the owners of the property sought to be charged. The circuit court sustained a general demurrer to the petition. The plaintiff having

declined to amend, final judgment was entered on the demurrer.

The petition in this case is substantially the same as that in *Seaboard National Bank v. Wright et al.*, num-

PETITION: de-murrer.

ber 6557, recently decided by us. A general demurrer was sustained in that case. The ruling was held to be error for the reason that nothing appeared on the face of the petition to show that the tax bill was invalid. We must so decide in this case. The judgment will be reversed and the cause remanded. All the judges concur.