KANSAS CITY TO THE USE, ETC., Respondent, v. JOHN PORTER *et al.*, Defendants; THE AMERICAN SURETY COMPANY, Appellant.

Kansas City Court of Appeals, May 17, 1897.

1. **Special Tax Bills:** PLEADING: PETITION: ORDINANCE. In a suit on a special tax bill the action is based on the tax bill and not on the ordinance, and the ordinance need not be pleaded; but, if pleaded, it is sufficient to give its title and date of passage.

2. **Pleading:** PETITION: PRACTICE: DEMURRER. If a petition impliedly states a cause of action the introduction of testimony at the trial will not reach it but there must be a formal demurrer.

Kansas City to use v. Am. Surety Co.

3. **Tax Bill:** PRIMA FACIE CASE: STRANGER: ANSWER. Where a party not named in a tax bill acquires a subsequent interest by way of a mortgage lien, the tax bill does not make a *prima facie* case against such party; but, where the answer admits the work and the ordinances and the issue of the tax bill, the same end is attained.

4. ———: LIMITATION: FREEHOLDERS' CHARTER OF KANSAS CITY. The freeholder's charter of Kansas City relating to the lien of a special tax bill and the right to commence suit thereon to two years from delivery of the tax bill, has no application to a special tax bill issued under the charter of 1875 which had five years to run, since the limitation in the freeholders' charter relates solely to bills issued as prescribed therein. The general effect of limitations on rights of actions discussed.

5. ———: NOTICE TO CITY TREASURER: FREEHOLDERS' CHARTER. The freeholders' charter of Kansas City requiring the owner of tax bills to file notice of suit with the city treasurer in thirty days after the the commencement of an action thereon, has no application to tax bills issued under the charter of 1875.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Warner, Dean, Gibson & McLeod* and *Meservey, Pierce & German* for appellant.

(1) The petition does not allege that the ordinance specified the material out of which the sewer or any part of the same should be constructed. Such an ordinance as was disclosed by the petition was void, as it is the legislative power to prescribe the material out of which the sewer should be constructed. Such power is vested solely in the city council. And the petition, to make out a cause of action, should have shown on its face that the ordinance was sufficient in this respect. *City of St. Joseph v. Wilshire*, 47 Mo. App. 125. (2) It may be contended by counsel for respondent that inasmuch as the charter of 1875 provided that all special tax bills should be *prima facie* evidence "of the

liability of the person therein named as the owner of such property," it was unnecessary for respondent to plead or prove anything more than the issuance of the special tax bill itself, and that thereupon defendants would be compelled to plead and prove such facts, if any existed, as would relieve them of liability; but the appellant and all of the other defendants, except the defendant John Porter, were not named in the special tax bill, and as to them its introduction did not establish any *prima facie* liability.   Sec. 2, art. 9, K. C. Charter of 1875; *Farrell v. Rammelkamp*, 64 Mo. App. 425; *Stadler v. Roth*, 59 Mo. 400.   (3) But even if the petition had been sufficient, plaintiff's evidence was wholly insufficient to charge any of the defendants except John Porter.   The only proof offered by plaintiff tending to sustain the allegations of plaintiff's petition was the tax bill itself and the evidence of its assignment to relator.   The case is very similar to that of *Farrell v. Rammelkamp*, 64 Mo. App. 428.   (4) After the issuance of the tax bill sued on and before suit was brought on it, to wit, on May 9, 1889, the old charter was superseded by a new charter, which was adopted April 8, 1889.   Section 18, art 9, of the charter of 1889.   We contend that the effect of the adoption of this charter was to require all suits on special tax bills to be brought within two years after the date of their issuance, or in case of tax bills which had previously been issued, within two years after the date when the charter of 1889 went into effect.   Where a statute changes the time of duration of the lien of a special tax bill from five years to two years, the holder of a bill has but two years after the passage of the act within which to sue.   *Seibert v. Cobb*, 62 Mo. 182; *Weber v. Manning*, 4 Mo. 229; *Stephens v. Bank*, 43 Mo. 385; *Calloway County v. Nolley*, 31 Mo. 393. Such being the law, the lien of the special tax bill sued on

expired on May 9, 1891, two years after the charter of
1889 went into effect and more than two years before
this suit was brought. All contracts, obligations, or
liabilities created under the charter of 1875 were still
preserved intact, but the method of enforcing those
rights was changed. *State ex rel. v. Field*, 99 Mo. 352.
The remedy or proceedings necessary to the enforce-
ment of a lien may at any time be changed by proper
legislative action. *State v. Hager*, 91 Mo. 456; *Well-
shear v. Kelly*, 69 Mo. 354; *State v. Heman*, 7 Mo. App.
426; *State v. Johnson*, 81 Mo. 60; *Kansas City v. Sum-
merwell*, 58 Mo. App. 247; *Kansas City v. Winner*, 58
Mo. App. 299. (5) But there is still another reason
why this suit can not be maintained. Section 18 of
article 9, of the charter of 1889 provides that not later
than thirty days after the end of the two years, the plain-
tiff or plaintiffs shall file in the office of the board of pub-
lic works a written statement showing the tax bill sued
on and when and in what court and against whom the
said suit has been brought. This section was amended
May 27, 1892, so that the plaintiff or his attorney or
agent is now required to file such a statement in the
office of the city treasurer, instead of in the office of the
board of public works. This section, as amended, was
in full force and effect at the institution of this suit,
August 19, 1893, but no such notice was filed either in
the office of the board of public works or in the office
of the city treasurer, and this failure to file such notice
of suit is fatal to plaintiff's right to recover. *Security
Savings Trust Co. v. Donald*, 1 Mo. App. Rep. 571.

*Gage, Ladd & Small* for respondent.

(1) It is clear that this proceeding was governed
by the old charter of 1875, which is found in the Ses-
sion Acts of that year, commencing on page 196. Sec-

tion 10 of article 17 of the new charter, adopted April 8, 1889. (2) The petition certainly was good as against a general demurrer or objection to testimony. If it lacked definiteness and certainty in any respect, the defendants should have filed a motion to make it more definite and certain. This none of them did. Furthermore, the suit is upon the tax bill. That is, the cause of action and the allegations concerning the issue of the tax bill are not open to any objection. It would have been sufficient to state in the petition that the city engineer on a certain date issued to the plaintiff or the contractor, a certain tax bill for the construction of the sewer, etc., without referring to the ordinance at all. *City of St. Louis, etc., v. Hardy*, 35 Mo. 261; *Culligan v. Studebaker*, 67 Mo. 372; *St. Louis, etc., v. Coons*, 37 Mo. 44; *City of St. Joseph ex rel. v. Wilshire*, 47 Mo. App. 126. (3) The charter of 1875, however, did not require or contemplate that the name of the holder of a note secured by deed of trust should be inserted in the tax bill, especially if the deed of trust was not then in existence. It only required the name of the owner. (4) As we have seen, the tax bill sued on was issued under the charter of 1875 and not under the new charter of 1889. Under the old charter, there being no limitation prescribed as to the time of the existence of the lien of a special tax bill, it was a lien for five years, as was long ago decided by the supreme court of this state in *St. Louis v. Newman*, 45 Mo. 148, and as we have seen, section 10 of article 17 of the new charter, expressly provides that the new charter shall not in any manner affect any lien existing under the previous charter, but that such lien shall be enforced in all respects as if the new charter had not taken effect. The case of *Kansas City v. Summerwell*, 58 Mo. App. 247, decided by this court, has no appli-

cation here.  (5) The fourth point made in appellant's brief is that the petition is defective because there is no allegation that the plaintiff filed with the board of public works or in the office of the city treasurer a statement showing that suit had been brought, as required by the new charter of 1889 and the amendments thereto of 1892. This contention is not well founded.  An inspection of it shows that the only suits which are required to be noted with the board of public works or the city treasurer, are suits on tax bills receipted for to the board of public works or the city treasurer,  and issued under article 9, of the new charter or its amendment.  The case of *Security Savings Trust Co. v. Donald*, decided by this court in 1895, 1 Mo. Appellate Reporter, 571, cited in appellant's brief, is not in point because in that case the tax bill was issued under the new charter of Kansas City, of 1889.  Consequently, the provision of the new charter and its amendment apply to that case, but have no application to the case in hand.

SMITH, P. J.—This is an action on a special tax bill in which the plaintiff had judgment and the last named defendant, the American Surety Company, appealed.  The several assignments of error relied on by the defendant for a reversal of the judgment may be summarized thuswise:  *First.* That the petition of the plaintiff is fatally defective in that it does not set up a valid ordinance.  *Second.* That there is an absolute failure of proof as against appellant.  *Third.* That the suit was not brought within the time limited by the Kansas City charter of 1889.  *Fourth.* That no notice of the institution of the suit was filed with the city treasurer as provided by the charter of 1889. These we shall notice *seriatim.*

I.  It is to be observed in referring to the first of the foregoing assignments that in a suit on a special

SPECIAL tax bills: pleading: petition: ordinance. tax bill both the statute of 1879, section 4784, and that of 1889, section 1407, declare that it shall be sufficient for the plaintiff to plead the making and issue of the special tax bill sued on, giving date and contents thereof and assignment thereof (in case of assignment), filing the same and allege that the party or parties made defendants own or claim to own the land charged, or some estate therein as the case may be. And the language of section 18, article 9 of charter of Kansas City, adopted April 18, 1889, and of the amendment thereof, adopted February 27, 1892, is substantially the same as that of the above statute. It is not disputed but that the petition when tested by this statutory and charter rule sufficiently states a cause of action. But it is objected that it is fatally defective because it does not show on its face that the ordinance which provided for the establishment of sewer district number 84 and the construction of a sewer therein prescribed the material out of which the said sewer was to be constructed. At the inception of the trial the defendant orally interposed this objection to the introduction of any evidence. The petition states the number and title of the ordinance just referred to, and when approved. This was perhaps made necessary because a similar reference to it is made in the tax bill. The right of action alleged was on the tax bill and not in the ordinance. Even if it was necessary to plead the ordinance it was sufficient to refer to it by title and day of its passage. R. S., sec. 2078. The rule is that where a party asserts and founds a right to recover on a city ordinance he should plead it. *Givins v. Van Studdiford*, 86 Mo. 149. But this rule is manifestly inapplicable in a case like this.

If the petition had been imperfect because it did not set forth the provisions of the ordinance it would

VOL. 71 app—21

now, after verdict, be held sufficient. A petition which impliedly states a cause of action can not be reached by objection to the introduction of evidence under it by an instruction. The objection must be made by formal demurrer or motion to make definite, to be available on appeal. *Thumford v. Keelt*, 65 Mo. App. 502. We do not think the petition subject to the objection lodged against it.

*PLEADING: petition: practice: demurrer.*

II. As already stated, John Porter, who was alleged to be the owner of the property described in the special tax bill, did not prosecute an appeal from the judgment. The only interest the appealing defendant had in the property, as appears from its answer, was that of owner of a promissory note secured by a deed of trust executed by Porter after the issue of the tax bill, and of course it is not named therein.

*TAX bill: prima facie case: stranger: answer.*

The recitals in the tax bill do not constitute *prima facie* evidence of the validity of the tax bill, the doing of the work and the furnishing of the materials charged for and the liability of the property to the charge stated in the tax bill as against the defendant. *Stadler v. Roth*, 59 Mo. 400; *Farrell v. Rammelkamp*, 64 Mo. App. 425. But while the statute does not make the recitals in the tax bill *prima facie* evidence, as against the defendant, that was accomplished by its answer wherein it was admitted "that the special tax bill sued on herein and attached to plaintiff's petition was issued under and by virtue of ordinance No. 40798 of said City of Kansas, entitled 'An Ordinance to establish Sewer District No. 84 and to establish and cause to be constructed a district sewer therein,' approved February 10, 1888; and that the work of constructing a district sewer in district No. 84 in said City of Kansas was performed by Alexander Duer, under and by virtue of a

certain contract between the City of Kansas, dated February 24, 1888, which said contract was confirmed by an ordinance of said Kansas City, No. 41166, entitled, 'An ordinance to confirm contract with A. Duer for the construction of sewers and appurtenances in Sewer District No. 84, as provided for by ordinance 40798,' approved March 24, 1888.'' And such undoubtedly was the understanding of the defendant, for the answer, after making the foregoing specific admissions, pleads a number of distinct affirmative defenses.

The effect of the admissions in the defendant's answer was to relieve the plaintiff of the burden of establishing its *prima facie* case by evidence, which otherwise would have devolved upon it. The defendant's second assignment can not therefore be sustained.

III. The tax bill in suit was issued August 22, 1888, and before the present charter became operative, which was on May 9, 1889. This suit was begun August 19, 1893.

It is conceded that under the charter existing at the time of the issue of the tax bill that the duration of the lien thereof was five years. *St. Louis v. Newman*, 45 Mo. 148. The question now is whether the plaintiff's right of action on the tax bill is to be governed by the five years period of limitation recognized to exist under the charter of 1875, or that of two years prescribed by the charter of 1889, for if the former the judgment must be upheld, and if the latter it must be reversed. Has the government, through its lawmaking power, by the charter of 1889, declared that the courts shall be open for two years only for the enforcement of special tax bills, whether the same be issued under the old charter or the new?

It is generally conceded that statutes of limitation only relate to the remedy and do not operate to extin-

guish the right. In other words, they are not treated as elements entering into the contract, so that the legislature is precluded from shortening or lengthening the period of limitation at any time before the bar has become complete. Woods on Limitations of Actions, sec. 13; *Gilman v. Cutts*, 23 N. H. 376; *Martin v. Martin*, 35 Ala. 560; *Howell v. Howell*, 15 Wis. 55. A state may regulate at pleasure the mode of proceeding in its courts, in relation to past contracts as well as future. It may, for example, shorten the period of time within which claims shall be barred by the statute of limitations. It is, however, essential to the validity of such statutes that they allow a reasonable time after they are passed for the commencement of suits upon existing causes of action. A statute which would bar existing claimants without affording them an opportunity to try their rights in the courts after the time when it takes effect would not be a statute of limitations at all, but an unlawful attempt to extinguish rights and destroy the force of contracts. It would be invalid as to such claimants. *Stephens v. Bank*, 43 Mo. 385; *Seibert v. Copp*, 62 Mo. 182. In the last cited case it was expressly decided that the time of enforcing a remedy may be shortened by an act of the legislature provided the act does not operate to deprive the party of his remedy and leaves him a reasonable time within which to sue. The case to which the rule was applied was where a special tax bill had been issued that would not be barred for five years. Shortly after its issue an act of the legislature was passed cutting down the period of limitations to two years. It was held that the owner of the tax bill had two years after the passage of the latter act, within which to bring his action. So that there can be no doubt that it was clearly within the power of the city as to existing special tax bills to

shorten the period within which an action could be brought thereon.

It remains to be considered whether the charter of 1889 as to special tax bills, issued under that of 1875, has shortened the period of time in which actions should be brought on such special tax bills. Turning to the charter of 1875 and we find that it is there provided that as soon as a district sewer is completed that it is the duty of the city engineer to compute the whole cost thereof and assess it against the lots of ground in proportion to the area of the whole district, and to make out certified tax bills against each lot in the name of the owner and deliver the same to the contractor. Charter 1875, art. 9, p. 63.

In the charter of 1889 it is provided that the duties just referred to, which were required of the city engineer under the charter of 1875, shall be performed by the board of public works. Secs. 10 and 15, art. 9. It is therein, section 16, further made the duty of the board of public works to cause the special tax bills made out and certified by them to be registered in full in their office, and to deliver the same to the party in whose favor made out, taking his receipt therefor at the foot of the registry, etc. In another section of said charter, section 18, article 9, it is provided that "every special tax bill shall be a lien on the land described therein on the date of the receipt to the board of public works therefor, and such lien shall continue for two years thereafter, but no longer, except as is in this article otherwise provided, unless suit shall be brought to collect the same within two years from the issue thereof * * * provided, however, that if such suit shall be brought within two years the plaintiff therein shall, after commencing the suit and not later than thirty days after the end of two years, in person or by attorney or agent, file in the office of the board of public

works a written statement showing the tax bill sued on and when and in what court and against whom the suit is brought. The board of public works shall immediately after the filing of any such statement, *note on the registry of such tax bill the time of filing of such statement and the substance of such statement.*"

It seems to us that the special tax bills, the lien of which under the provisions of the charter of 1889 just referred to is to continue for two years, are those made and certified to by the board of public works, and which have been registered in their office and receipted to them at the foot of the registry by the party in whose favor made out. There is nothing in the language of said section 18, of the charter of 1889, nor, indeed, in any other provision of that instrument *to which our attention has been called* to justify the conclusion that the "freeholders" intended to make applicable to any class of special tax bills other than that issued by the board of public works, registered and receipted for in the registry, the two years' limitation as to the duration of the lien and the bringing of suit.

Certainly a special tax bill like that sued on in this case, which was issued by the city engineer under the provisions of the charter of 1875, is not the special tax bill specified in said section 18 of the charter of 1889 previously quoted. It will be observed by reference to said section 18 that by the terms "every special tax bill" is meant that class issued by the board of public works and none other. There is no provision of the charter of 1889 for the registration by the board of public works of special tax bills issued under the charter of 1875, and hence it may be asked how can such board immediately after the filing of the statement required by said section 18, article 9, of the former charter, be noted on the registry of such tax bill, the time of filing and the substance of such statement.

This requirement could not be met. It, however, illustrates the inapplicability of the section to special tax bills issued under the charter of 1875.

An action on a special tax bill necessarily depends upon the statute for its support. The liability imposed by such bill is a liability created by statute, and as such falls within the letter of section 3230, Revised Statutes 1879, now section 6775, Revised Statutes 1889. *Turner v. Burns*, 42 Mo. App. 94. And this general statute would be applicable to special tax bills issued under the charter of 1889, were it not expressly excepted out of its operations by the provisions of section 18, of article 9, of that charter. All special tax bills are subject to the limitations imposed by the general statute already referred to unless excepted out of its operation by some charter provision of the municipality issuing the same.

Statutes limiting the right to bring actions to particular periods are restrictive, and will not be extended to any other than the cases expressly provided for; and the exceptions are allowed a liberal effect though not so liberal as to embrace cases within the reason though not within the letter of them. Sutherland on Stat. Construction, sec. 368, and cases there cited. It is clear that the tax bill sued on is not embraced within the letter of the exception mentioned in said section 18, of article 9, of the charter of 1889, though it may be embraced in the reason of such exception. We think that it must follow from these observations that the limitation provided in said section 18, article 9, of the charter of 1889, is inapplicable to the special tax bill sued on, and that the length of the period in which suit could be brought thereon remains just as it was under the charter of 1875.

And it likewise follows that the provision 18, article 9, of the charter as amended in 1892, requiring the

holder of the special tax bill to file notice ——: *notice to city treasurer: freeholders' charter.* of the suit with the city treasurer, is inapplicable to a case like the present. The language of said section 18, as amended, and which is to the effect that *"every special tax bill issued under the provisions of this article* shall be a lien   *   *   *   upon the date of the receipt to the board of public works therefor and such lien shall continue for two years, but no longer, except, etc.,"* lends additional support to the conclusion hereinbefore expressed as to the inapplicability of that section before it was amended to the special tax bill here. The language of the section has been made so explicit that there can no longer be left any doubt that a special tax bill like that here was not intended to be embraced within its operation.

The question most discussed in *Kansas City v. Summerwell,* 58 Mo. App. 247, does not arise in this case.

The suit, we think, was properly and timely brought and that the judgment therein should be affirmed. All concur.