ROBERT BARRIE, RESPONDENT, v. JOHN R. RANSON ET AL., APPELLANTS.
—46 S. W. (2d) 186.

Kansas City Court of Appeals. February 1, 1932.

*W. O. Thomas* and *R. J. Ingraham* for appellants.

*John C. Loos* for respondent.

TRIMBLE, P. J.—Suit on a special tax bill, dated November 15, 1920, issued by Kansas City in part payment of the cost of construction of district sewers in Sewer District 474, in Sewer Division No. 5, in Kansas City, Missouri.

After return of the summons to answer the petition, the defendants appeared and filed a general denial. The case came on for trial where the defendants objected "to the introduction of any testimony for the reason that the petition did not state facts sufficient to constitute a cause of action." The objection was overruled and the ruling was excepted to. At the close of the case defendants prayed an instruction requiring the court (which heard the case) to find for the defendants. This the court refused, and proceeded to render judgment against defendants for the sum of $6287.98, with interest at eight per cent per annum and to enforce it as a special first lien on certain real estate belonging to defendants, by decreeing a sale thereof to pay said tax bill if they failed to redeem it. Defendants appealed.

The petition is as follows:

"Plaintiff for his cause of action against defendants states that Kansas City, Missouri, is a municipal corporation duly created and existing under and by virtue of the laws of the State of Missouri.

"That on the 15th day of November, 1920, the said city, acting by and through its Board of Public Works, duly made out and issued to Thomas M. Torson, and Charles M. Torson, doing business as the Torson Construction Company, the contractor, certain special tax bills, copies of which are attached, in part payment of the cost of the public improvement work in said tax bills specifically mentioned and described, and on said date duly certified to the city treasurer the apportionment of the cost of said work; that said work was done in accordance with the provision of ordinance No. 38178, of said city, entitled: 'An ordinance providing for and authorizing the work of constructing district sewers in Sewer District 474, in Sewer Division 5, in Kansas City, Missouri, stating the nature of the improvement; how the cost thereof shall be paid; how the assessment therefor shall be made and levied, and ratifying, approving and confirming a contract therefor.' Approved July 16, 1920.

"That the said contractor sold and assigned the special tax bill hereinafter set forth to plaintiff prior to the bringing of this suit, for a valuable consideration; that plaintiff is now the legal owner and holder of the said tax bills and that the same are now each and all due and unpaid; that the defendants own or claim to own the land hereinafter described, or some estate or interest therein.

"Wherefore, plaintiff prays for special judgment, against defendants, and for the foreclosure of the lien of the several tax bills against

the lots or land hereinafter in separate counts severally described and for costs:

"Plaintiff states that by reason of the premises the land described in the tax bills set forth in this count of the petition is legally charge-able with a lien in favor of plaintiff on account of the cost of the work aforesaid with the sum of thirty-six hundred two (3602) dollars and thirty-two cents with interest on said sum at the rate of eight per cent per annum from the date of the tax bill until paid, as per tax bill No. 188, a copy of which is as follows: hereto attached, marked Exhibit 'A,' made a part hereof, and the statements therein made a part of the allegations of this petition; that default was made in the payment of the first installment and interest that became due on the 30th day of June, 1921, by reason of which default the whole amount of the installments became due and is now due and collectible; that the lien of the plaintiff is paramount, prior and superior to the lien, if any, of the defendants.

"Wherefore plaintiff prays for special judgment against defend-ants and for the foreclosure of the lien of the tax bill against the lot or land in this count described, and for costs."

Defendants urge that the court erred (1) in overruling the objec-tion to the introduction of any testimony under the petition, and (2) in refusing to sustain defendants' demurrer to the evidence at the close of the case.

When the object of the suit is to enforce a lien upon a particular piece of property, the proceeding is one *in rem* and it is, of course, necessary to describe the property in the petition else there is nothing upon which the lien can be enforced. [Brown v. Chaney, 256 Mo. 219, 223.]

It will be observed that the petition nowhere describes the prop-erty on which the tax bill is to be enforced. How then can the judg-ment operate thereon? It may perhaps be true that the *tax bill* con-tains a description of the property, but the tax bill is *evidence* in the case and forms no part of the pleading, nor can it be relied upon to "eke out" the deficiencies of the petition. [Vaughan v. Daniels, 98 Mo. 230, 234; Scott v. Vincennes Bridge Co., 299 S. W. 145, 146; Cole v. Parker-Washington Co., 276 Mo. 220, 275; Miner v. Sever, 255 S. W. 578, 579.]

It is contended, however, that the petition is one in which there may doubtless be an imperfect or defective statement of a good cause of action, but that the petition is not one where no cause of action whatever is, or can be, shown. Hence, says plaintiff, it takes more than a mere oral objection to the introduction of evidence to suc-cessfully attack it. And, by filing an answer (even though it be noth-ing more than a mere general denial), and going to trial, the de-

fendant waived the deficiency of the petition. In support of this contention plaintiff cites American Clay M. Co. v. Sedalia Brick Co., 174 Mo. App. 485, 160 S. W. 902; Crone v. Mallinckrodt, 9 Mo. App. 316; City of Moberly v. Hogan, 131 Mo. 19, 32 S. W. 1014; Kansas City v. American Surety Co., 71 Mo. App. 315, 321; Seaboard National Bank v. Wright's Trustee, 68 Mo. App. 144; Barber Asphalt Co. v. Young, 68 Mo. App. 175; and Staley House F. Co. v. Wallace, 21 Mo. App. 128, 132.

In the case first cited, however, American Clay M. Co. v. Sedalia Brick Co., it should be observed that although an objection to the introduction of any evidence was made to the *original* and to the amended petition, no objection was made to the *second* amended petition, on which the case was tried, but the defendant filed answer and went on trial. [See p. 490 of 174 Mo. App.] In Crone v. Mallinckrodt, *supra,* the petition was defective in not alleging the passage of the ordinance, but it did allege that the work was done by authority of the ordinance and that, under the ordinance, the cost was chargeable as a special tax, etc. The court said, on p. 319, that—

"These allegations, which are plainly insufficient to make the pleading good, had objection been taken in the proper way, may, in connection with the other allegations showing that proceedings were taken as on the basis of a valid ordinance and the tax bills issued, be resorted to for the purpose of sustaining the judgment. In view of all that is alleged, it cannot be said that no cause of action is shown, but it appears rather that there is an imperfect and defective statement of a good cause of action."

In City of Moberly v. Hogan, *supra,* the ordinances supporting or authorizing the tax bill were not specifically set forth, but their *substance* and *effect* were stated (p. 24); and the court on page twenty-five says: "No objection was taken by motion or otherwise to the petition." Hence the petition, if not fully sufficient, was one that was merely imperfect or defective in some particular, and an objection to its sufficiency could not be raised at this late stage.

In Kansas City v. American Surety Co., *supra,* the objection was that the petition was *fatally defective* in that it did not plead the ordinance. The court held that under the statutory and charter rules, the petition stated a cause of action (p. 321), and in answer to the charge that it was fatally defective because it did not allege that the ordinance prescribed the *material* out of which the sewer was to be constructed, the court further held that it was not so defective. The objection was orally made to the introduction of any evidence. The court held that, if it were necessary to plead the ordinance, the reference to it in the petition by title and day of passage was sufficient. "If the petition had been *imperfect* because it did not

set forth the provisions of the ordinance it would now, after verdict, be held sufficient." [pp. 321-322.] [Italics ours.]

In Seaboard National Bank v. Wright's Trustee, 68 Mo. App. 144, the demurrer was, curiously enough, sustained by the trial court and the appellate court could see no reason for doing so since the petition was good and did not show on its face that the tax bill was invalid. The court held that the petition would have been sufficient even if it had alleged only that the tax bill was duly issued "to plaintiff's assignor, that it was assigned to the plaintiff and that the defendant was the *owner* of the *lot charged thereby,*" page 146. [Italics ours.] (This is an implied holding that if the petition had omitted all reference to or description of the property charged with the bill and owned by defendant, it would *not* have been sufficient. The case comes perilously close to being an authority in support of defendants' contention herein that since no property is described or referred to in such way as to identify it *in the petition,* the latter is not sufficient.) The case of Barber Asphalt Paving Co. v. Young, 68 Mo. App. 175, is to the same effect as the Seaboard National Bank case.

The final case cited by plaintiff and noted above, Staley House F. Co. v. Wallace, *supra,* is one where the court held that a petition which is so defective that it will not support a judgment, cannot be aided by verdict, and on page 130, the court said, after quoting the statute relating to cures after verdict, that—

"This language is very broad, but in construing it, the Supreme Court has repeatedly held that the total omission of an averment necessary to authorize a recovery is not cured by verdict. It has stated the rule to be, that matters informally stated are aided by verdict, but the omission of essential averments cannot be thus supplied, unless the petition contains terms sufficiently general to comprehend them by fair and reasonable intendment. [Frazer v. Roberts, 32 Mo. 457; Jones v. Tuller, 38 Mo. 363; Clinton v. Williams, 53 Mo. 141; International Bank v. Franklin Co., 65 Mo. 110.]"

But, in the case at bar, the petition is not merely in the imperfect state that the petition in the cases just analyzed were. The petition herein is the foundation of a proceeding *in rem* seeking to enforce the tax bill on property *which will be seized and sold* if the tax bill is not paid. The omission of any description whatever of the property is, therefore, not a leaving out of some allegation which may be implied from the other facts stated, nor is it an omission which the Statutes of Jeofails says can be cured by verdict, or which will be waived if not challenged at or before the trial in a formal way. It is of the very *vitals* of the case, and the omission will render the judgment *unenforceable,* when it is seen that the property sought to be laid hold of is *nowhere* described in the petition. Section 7356,

Revised Statutes 1929, relating to tax bills of the city, and of the character here involved, does not help the petition, for it merely makes the tax bill *prima facie evidence* of the validity of the tax bill and nowhere authorizes it to take the place of a proper pleading.

The admitted execution of a note sued on does note dispense with a proper pleading, nor allow the note itself, which is attached to the petition as an exhibit, to supply the place of necessary averments in the pleading. When the note is introduced in evidence, plaintiff has made a *prima-facie* case and needs no other evidence in chief. But this does not authorize him to merely state in his petition, "I hereby bring suit on the promissory note hereto attached and marked Exhibit A."

The petition in the case at bar cannot support the judgment *in rem* herein since it contains no description of the real estate against which the tax bill is sought to be enforced. It states *no* cause of action in that sort of a case. By pleading to the merits a defendant waives everything in the petition, *except* that it does not state facts sufficient to constitute a cause of action, and that the court has no jurisdiction over the *subject-matter* of the action. [Paddock v. Somes, 102 Mo. 226; Warner v. Oriel Glass Co., 319 Mo. 1196.]

The judgment, therefore, will have to be reversed and the cause remanded. It is so ordered. All concur.